Twin Creek and Colemansville Turnpike Road Co. v. Lancaster.

CASE 116—ORDINARY—NOVEMBER 17, 1881.

# Twin Creek and Colemansville Turnpike Road Company v. Lancaster.
# Same v. Renneckar.

### APPEALS FROM HARRISON CIRCUIT COURT.

1. Where several persons jointly undertake to subscribe to the capital stock of a company to be organized for the prosecution of a common enterprise, which has for its object the advancement of the private interests of the several subscribers, the promise by each is a good consideration for the promise of the others, and it is too late, after the act of incorporation takes place, to withdraw from the association, whether the work has or not been undertaken.

2. As the subscribers agreed in this case that their subscriptions should be subject to a call of ten per cent. as soon as the company should be organized, the undertaking was not a mere agreement to subscribe, but was in fact a subscription subject to no other condition than the organization of the company, and as soon as that was completed and the call made, it was the duty of the subscribers to pay.

W. T. LAFFERTY AND T. T. FORMAN FOR APPELLANT.

1. Where several promise to contribute to a common object desired by all, the promise by each may be a good consideration for the promise of the others. (Parsons on Contracts, vol. 1, p. 452, 6th ed.; Watkins, Tr., v. Eames, 9 Cushing (Mass.), 539.)

2. The fact that the company was not organized at the time the subscription was made does not invalidate it. (Lackey v. Richmond and Lancaster Turnpike Road Co., 17 B. M., 48; Thompson v. Page, 1 Met. (Mass.), 570.)

3. Advances having been made and liabilities incurred on the faith of appellee's subscription, appellant is entitled to recover. (1 Parsons on Contracts, p. 453, 6th ed.; Homer v. Dana, 12 Mass., 190; Thompson v. Page, 1 Met. (Mass.), 570; Mt. Sterling Coal Road Company v. Little, 14 Bush, 429.)

A. H. WARD FOR APPELLANT.

The doctrine laid down in the case of Goff v. Winchester College does not apply here, as the contract sued on in that case was in many respects different from the one sued on in this case. (Gill's adm'r v. Kentucky Gold and Silver Mining Co., 7 Bush, 638; Fry's ex'r v. Big Sandy Railroad Company, 2 Met., 314; 25 Ills., 393; 21 Penn., 220.)

W. H. RATLIFFE FOR APPELLEES.

.As there was no incorporated company at the time the subscription sued on was made, it is not an enforceable contract. (Green's Brice's Ultra Vires, p. 475 and note; Angell & Ames on Corporations, p. 271; Goff v. Winchester College, 6 Bush, 443; Phillips' Limerick Academy v. Davis, 11 Mass. Reports, p. 112; Essex Turnpike Co. v. Collins, 8 Mass., 297; New Bedford and Bridgewater Turnpike Co., 8 Mass., 141; Mt. Sterling Coal Road Company v. Little, 14 Bush, 429.)

. JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

These appeals are prosecuted from a judgment of the Harrison circuit court, in which a demurrer was sustained to ⁻the petition of the appellant, and the actions dismissed.

J. A. Lafferty, John W. Martin, and others, including ·the two appellees, J. H. Renneckar and Reuben Lancaster, ·were desirous of constructing a turnpike road in the county ·of Harrison, between certain designated points, and with a ·view of creating an incorporated company under chapter 56 of the General Statutes, so as to begin the enterprise, ·entered into the following agreement, or made what is ·alleged to have been a subscription, as follows:

"We, the undersigned, for the purpose of constructing ·a turnpike road from ——— to ———," designating the ¹beginning and terminus of the road, "promise and agree to subscribe the amounts set opposite our respective names ·to the capital stock of a company to be organized for that ·purpose, and to pay the same in such installments as may .be called for by the proper officers of such company, and we further agree that our said subscriptions may be subject ⁺to a call of ten per cent. as soon as such a company or corporation is completed or organized. Given under our ʳhands," &c. Signed by J. A. Lafferty and eleven others, ·.the names of the two appellees being among the number.

The parties, or some of them, to this subscription organized a company, with the corporate name of the Twin Creek and Colemansville Turnpike Road Company, for the purpose of constructing the turnpike road mentioned in the subscription.

The appellees were named as corporators, together with the others whose names appear on the subscription; but whether they authorized their signatures to the articles of association filed for record in the office of the county court clerk does not appear.

After the statute had been complied with and the company organized, a call was made on the appellees for a part of their subscription, and refusing to pay, this action was instituted in the name of the corporation, and on the agreement to subscribe to recover the amount of the call made.

An answer was filed to the petition, to which there was a demurrer, and that pleading reaching back, the demurrer was sustained to the petition. An amendment was then filed, and a demurrer sustained to the petition as amended, and a judgment rendered for the defendants.

The organization of the company is alleged in the original petition; the promise to pay by reason of the subscription made prior to the act of incorporation; the demand made of the appellees under a call properly made and their refusal to pay, &c. In the amendment it is alleged that the articles of incorporation were entered into in pursuance of the subscription made prior to the incorporation of the company, and that the corporators and others signing the subscription did so relying upon the defendants' promise to pay their subscriptions; that its road is in process of construction, with contracts made for that purpose, and the subscription of the appellees is necessary to its completion.

The statements of the petition as amended constituted a cause of action. The association, made by virtue of a provision of the General Statutes, is nothing more than a private corporation, and although the improvement contemplated is. for the public good, the road, or rather the profits from its. use, inure to the benefit of the stockholders, and the contract: or subscription entered into prior to the organization of the company creates such an obligation as renders the appellees liable for their subscription.

The purpose of signing this subscription was to enable the subscribers to organize and form a corporation that would inure to the benefit of all. It was in fact a mutual agreement, by which each subscriber pledged himself to the other to pay a certain sum of money in order to perfect the organization and complete the enterprise.

"A subscriber or partner in an intended undertaking, subscribing an agreement to take measures to carry out the same, cannot discharge himself from liability, or repudiate the concern to which he may have pledged himself." (Angell & Ames on Corporations, sec. 523.)

This was not in fact an agreement to subscribe, but it was a subscription without any other condition than the organization of the company or corporation: "we further agree that our said subscriptions may be subject to a call of ten. per cent. as soon as such a company or corporation is completed or organized."

There was no other condition annexed, and when the articles of incorporation were completed, the company organized, and a call made in pursuance of the agreement and charter, it was the duty of the subscribers to pay the call. The right to collect was contingent only on obtaining the act of incorporation, and when this was done, the agreement

·to pay was no longer conditional, but absolute.    (Thompson
·v. Page, 1 Met. (Mass.), 570.)

"Where several promise to contribute to a common object
·desired by all, the promise by each may be a good consider-
·ation for the promise of the others." (Parsons on Contracts,
·vol. 2, page 452.)

The agreement in this case is not a mere voluntary dona-
tion by the appellees, but an agreement in effect to form an
association which, when organized and the enterprise com-
pleted, will vest the parties with a right of property that
will advance their private as well as the public interests; and
·in such a case we regard the doctrine as well settled, that it
is too late, after the act of incorporation takes place, whether
·the work has or not been undertaken, to withdraw from the
·association.

Cases may be found sustaining the position assumed by
·counsel for the appellees in this case, denying the right of
recovery in the case of voluntary donation upon the ground
that the promise made by one of the donees is the consider-
·ation for the promise made by the others.

In the case of Watkins, Treasurer, v. Ames, 9 Cushing,
·it is said: "Opinion has fluctuated upon the question, how
·far, in a common subscription by several persons to an object
·of public utility, the promise of each one is the consideration
·for that of another.    It has been objected, that to assume the
respective promises as a consideration one for the other, is
·begging the whole question, &c.    But if it clearly appear
·that a number of subscribers promise to contribute money,
·on the faith of the common engagement, for the accomplish-
·ment of an object of interest to all, and which cannot be
·accomplished save by their common performance, then it

would seem that their mutual promises constitute reciprocal obligations."

This court, in the case of Lackey v. a turnpike company, reported in 17 B. Monroe, held a subscription valid made payable to the president and directors prior to the act of incorporation, and adjudged that the agreement could be enforced as soon as the obligee came into existence.

The contract in this case, it is true, is made with the individual subscribers, and not with the corporation; but the article containing the terms of the subscription binds the subscriber to pay the corporation when created, and this was the inducement among the subscribers to convert themselves into an association for the prosecution of the particular enterprise.

The money due is for the corporation, and the promise is to pay the corporation, and the consideration is the mutual agreement between these parties to form the corporation and build the road; and when the corporation was created the appellees were bound by their subscription.

The case of Goff v. Winchester College, 6 Bush, is relied on as authority for the action of the court below. A careful examination of that case will show that the recovery was denied for the reason that the appellees had failed to comply with the conditions annexed to the subscription made by the appellant. It is said in the opinion that it is essential to the validity of a contract that it be mutual, and parties to it, and further, that appellant did not mutually agree with others to pay the sums named. This does not militate against the principle recognized in this case; and besides, the case under consideration is not that of a mere gift of appellees' money to a public charity, but is an agreement to embark in a com-

mon enterprise for the private interests of the parties who are connected with the corporation. ·

For the reasons indicated, the judgment sustaining the demurrer to the petition as amended is reversed, and as the appellees must answer the petition as amended, it is proper to add that the answer as filed presents no defense to the action.   The conditions attempted to be annexed to the subscription, if omitted by mistake, or by reason of fraud, would be properly pleaded, but in its present form the answer is defective.