OPINION of the Court, by
Ch. J. Boyie.
This was an action of covenant upon articles of agreement between the plaintiff and defendant, the object of which was to erect and carry on a wool-carding machine in partnership. Various mutual covenants are made by the parties; amongst those on the part of the defendant, is a covenant not to erect or have any hand in erecting a wool-cardi ng machine within twenty miles of the plains tiff’s machines then in operation, without paying to, the plaintiff ¾200 a year during the operation of such machine.
The action was brought for a breach of this covenant only. The defendant pleaded—
1st. That the plaintiff had not kept and performed the covenants on his part. 1
2d. That on the next day after the execution of the articles of agreement on which suit was brought a new covenant of partnership for erecting and carrying on a wool-carding machine was entered into between the plaintiff* and defendant and one Mitchell, whereby the former articles between the plaintiff and defendant were intended to be, and were annulled and rescinded.
3d. That the erection of the wool-carding machine, and tho-cdvenants on the part of the plaintiff in relation thereto^; were the only consideration of the covenant on the part of the defendant, for the breach of which the action is brought, and that the said machine was never erected, nor did the plaintiff perform the covenants to be performed on his part in relation thereto; and so the consideration of said covenant has failed, and the covenant against law and void.
4th. The fourth plea is in substance the same as the third.
5th. The fifth denies that there was any reasonable or valuable consideration for the covenant for the breach of which suit is brought.
6th. The sixth alleges that the covenant was in restraint of the defendant’s lawful trade, and therefore against law and void.
7 th. The seventh alleges that the plaintiff did not furnish a good wool-carding machine and tucker, of the same quality of those in Flemingsburgh, by the first of May next ensuing the date of said articles, and set them *487 to running, as he the said plaintiff by said articles had covenanted to do.
The first plea was rejected by the court below. To the second there was a replication and joinder. To each of the others there was a replication, and to each, replication a demurrer, upon which the court below gave judgment for the defendant, and-the plaintiff has appealed to this court.
We have not tiiougt it necessary to recite the substance of the replications, because we are not of opinion that either of the pleas is sufficient to preclude the plaintiff from a recovery ; and as the demurrers to the replications brought the w hole pleadings before the court, the judgment should have been given for the plaintiff, on the ground of the insufficiency of the pleas, without regard to the matter of the replications.
As to the first plea, it is sufficient to remark, that it could only have been sustained on the ground that the covenants on the part of the plaintiff were precedent toi those on the paid of the defendant, and the performance of the latter made to depend upon the performance of the former. But this is plainly not the case: for according to the terms of the covenants they are clearly independent, for a breach of which on either side the other party may have his action ; but a failure of performance on the one side is no bar to an action for a nonperformance on the other.
As to the second plea, there is no doubt but that "the parties might have defeated or annulled the ífeif.ágrée-mentby the secondbut to .have done so they should have made the latter purport on its face to be a defea-sance of the former: for whether, it should operate as a defeasance or not, must be a matter of law depending upon the construction of the instrument itself; and as there is nothing upon the face of the latter agreement in this case which purports to be an annulment or defea-sance of the former, a parol averment that it was so intended is inadmissible, and the plea founded upon such averment is insufficient.
The third and fourth pleas turn essentially upon the same principles as the first, plainly presupposing that the performance of the covenants on the part of the plaintiff was the consideration of the covenants on the part of • the defendant; whereas it is the covenants themselves, and not their performance, which is on each side the *488 consideration of those on the other; anti consequently there can be noWailure of consideration, unless there was a failure or destruction of the covenants themselves. The fifth plea being a igprc denial of any consideration for the covenant declared on, is inadmissible, inasmuch as thfearticles of agreement show a sufficient consideration in the covenants it contains on the part of the plaintiff.
The sixth plea presents a question which must depend upon the law applicable to the nature of the covenant for the breach of which suit is brought. An agreement to restrain a party from pursuing his trade anywhere in the country, no doubt would be void; for a general restraint of that kind would be opposid to goad policy; but an agreement not to exercise his trade in a particular place or a particular, section of the country, leaving open to him tiie major part of the country for the free use of his trade, does not seem liable to the like objection : and such agreements, when made for a sufficient consideration, have been often solemnly adjudged good and binding. — Chesman & ux vs. Nainby, 2 Stra. 739 — Mitchell vs. Reynolds, 1 P. Wms. 181 — 1 Bac. Abr. 645-6.
The seventh plea depending upon the question whether the covenants on each side were dependant or not on those of the other side, has in effect been already decided, and the principles involv ed in it need not be again mentioned.
The judgment must therefore be reversed, and the cause remanded for new proceedings to be had not inconsistent with the foregoing opinion.