Holmes *vs.* Martin.

No. 72.—VIVIAN HOLMES, plaintiff in error, *vs.* JOHN F. MARTIN, defendant.

10  503
104  199

10  503
f109  725

10  503
f110  492

[1.] A contract in general restraint of trade is void; but if in partial restraint of trade only, it may be supported, provided the restraint be reasonable and the contract founded on a consideration.

[2.] When H sold to A, a town lot, with a restriction that it should not be used as a tavern: *Held*, that the restriction was valid.

[3.] A general conveyance may be limited by restrictive words in the same instrument.

[4.] It is competent for the vendor to convey the fee to the vendee, and reserve certain rights to himself, his heirs and assigns.

Case, in Gwinnett Superior Court. Tried before Judge JAMES JACKSON, September Term, 1851.

The facts in this case are as follows: Vivian Holmes conveyed by deed, to Henry J. Arnold, a house and lot in the town of Lawrenceville, which deed contained the following reservation or restriction, "That the said house and lot shall not be kept by the said Arnold or his assigns, as a public tavern or hotel, which right is reserved in said property by said Holmes." The deed was otherwise in the usual form of a conveyance in fee simple, with warranty. Arnold made a quit claim deed of the property to John Hendricks, who made a similar quit claim to John F. Martin, who opened the house as a tavern, with notice of the restriction.

Holmes brought his action on the case, against Martin, for damages sustained by his keeping said tavern in contravention of the restriction imposed by the deed under which he held.

On the trial, the Court charged the Jury that the restriction and reservation in the deed was void and of no effect. Whereupon, the Jury returned a verdict for defendant, and plaintiff excepted to said charge of the Court.

PEEPLES, for plaintiff in error.

DOUGHERTY, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We wish it understood *in limine*, that the isolated question submitted for our review, is, whether the restriction in the deed from Holmes to Arnold, that the lot which the former sold to the latter, in the town of Lawrenceville, should never be used for a tavern, except by the grantor, his heirs and assigns, in the event that they should again become the proprietors of the property,

Holmes *vs.* Martin.

is, void? The Circuit Judge held that it was. The ground upon which this judgment was rendered, is not stated in the record; we suppose that this clause in the deed was deemed a nullity, because made in restraint of trade, and therefore inconsistent with the policy of the law.

[1.] But the distinction was early taken, and is established by an unbroken current of authority, English and American, between such stipulations as are in general restraint of trade, and such as are in restraint of it only as to particular places and persons, or for a limited time. The latter, if founded upon a good and valuable consideration, are valid, while the former are universally prohibited; as for instance, where one sold another a grocery store for a sum of money stated in the deed, and agreed not to carry on the same business within a certain limited distance, the agreement was enforced, as not against the policy of the law; so an agreement not to run a stage on a specified road was held valid.

[2.] The reason assigned for this difference is, that all general restraints tend to promote monopolies and to discourage industry and enterprise and just competition; whereas the same reason does not apply to special restraints. On the contrary, it may even be beneficial to the public, that a particular place should not be overstocked with persons engaged in the same business. *Mitchell vs. Reynolds,* 1 *P. Wms.* 181; *where this subject is elaborately considered.* 7 *Mod.* 230, 248, *and the cases there cited.* 10 *Mod.* 27, 85, 130. 2 *Saund.* 156, a note (1.) 2 *Str.* 739. 2 *Ld. Raym.* 1456. 3 *Bro. P. C.* 349. 1 *Bro. C. C.* 418. 5 *T. R.* 118. *Cro. Jac.* 596. 18 *Ves.* 436. *The Jurist,* (1844,) *Vol.* 8, 1051. 14 *Ves.* 468. 17 *Ves.* 336. 2 *Mad. R.* 198. *Smith on Contracts,* 99. 8 *Mass. R.* 223. 9 *Ibid,* 522. 1 *Pick. R.* 443. 3 *Ibid,* 188. 6 *Ibid,* 206. 4 *Bibb,* 486. 7 *Cowen,* 307.

[3.] It has been suggested in the argument, though not very seriously urged, that the reservation in the deed is inconsistent with the rights of property previously conveyed to the vendee. But a general covenant may be cut down by restrictive words in the same instrument. *Nina vs. Marshall,* 3 *J. B. Mone,* 703,

717. *Hesse vs. Thomson,* 3 *Russ. and P.* 565. *Samuel vs. Aus-ley,* 10 *J. B. Mone,* 55. *Martyn vs. McNamara,* 4 *Due & W.* 411.

[4.] It is competent for one to convey the fee to another and reserve the right of mining, of common, of waterway, with the power of entry, for the purpose of making, opening or cleansing water-courses, or the right of entry for making reservoirs, or of planting ladders for the repair of adjoining houses, or the right of sporting. *Sugden on Vendors,* 353, 366. 2 *Swanston,* 222. 16 *Ves.* 390. 1 *De G. & S.* 609. 1 *Jac. & W.* 172.

The judgment must be reversed and a new trial granted.