Sutton, &c., v. Head.

# Sutton, &c., v. Head.

### APPEAL FROM NELSON CIRCUIT COURT.

1. Contracts in Restraint of Trade —While contracts in general restraint of trade are void, contracts which impose but a *special* restraint, as not to carry on trade at a particular place or with certain persons, or for a limited time, will be upheld if the limitation be a reasonable one.

   The provision in a deed to land that "no intoxicating liquors are to be sold on the premises in less quantities than five gallons," which was inserted because the vendor's store and dwelling-house were near by, is reasonable and will be enforced.

2. Injunction.—Where the vendee violates such a covenant, injunction is the proper remedy, because it avoids multiplicity of action.

3. Such a restriction in a deed is a covenant running with the land, and, therefore, effective against a tenant or assignee of the vendee.

4. Deeds—Consideration.—As it is shown that the restriction entered into the consideration for the contract, it could have been shown by parol even if the deed had been silent as to it.

J. C. WICKLIFFE for appellant.

Brief not in record.

C. T. ATKINSON for appellee.

A restriction in a deed not to sell on the premises conveyed, spirituous liquors in less quantity than five gallons, is a covenant running with the land, and is not void as in restraint of trade. (Story's Equity Jurisprudence, secs. 292, 928; Smith's Mercantile Law, 38; Stephens' Nisi Prius, 1113; 4 Bibb, 488; 7 J. J. M., 369.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

In 1875 the appellee, F. M. Head, for the recited consideration of fifty dollars, conveyed to the appellant, Henry Sutton, a small lot in the town of New Hope. The deed contained this clause: "No intoxicating liquors are to be sold on said premises in less quan-

tities than five gallons.'' It was inserted because the vendor's store and dwelling-house were near by, and the lot had been conveyed to him with a like, restriction as to its use.

The appellant, Sutton, built a house on it, which was used for various purposes for several years, and until a short time before this suit was brought, when he rented it to the appellant Blair for saloon purposes. The latter began selling liquor in it by the small, and shortly after doing so this action was brought by the appellee against the appellants enjoining such use.

If the restriction is valid, then the remedy by injunction is proper, because it avoids multiplicity of action, and affords adequate relief. Not only is the limitation upon the use set forth in the deed, but it is shown that it entered into the consideration for the contract. This could have been shown by parol, even if the deed were silent as to it. (Pierce v. Woodward, 6 Pick., 206.

It was one of the most ancient rules of the common law that all contracts in restraint of trade were void. We learn from the year books that this was considered as settled law in England as early as the year 1415 ; and its courts would not then tolerate the least infraction of this rule. It was enforced with much judicial severity, and doubtless grew out of the law of apprenticeship under which no one in that country could earn a livelihood at any trade until after long service, and then he must continue in the one adopted by him, or have none.

For two hundred years the rule existed, without exception, that all contracts in restraint of trade were void. It was qualified, however, as the law of apprenticeship broadened ; and a distinction was then drawn

by the cases of Broad v. Jollyfe, Cro. Jac., 596, and Mitchell v. Reynolds, 1 P. Wms., 181, between a *general* and a *limited* restraint of trade.

Other decisions followed until it became the settled English rule that while a contract not to do business *anywhere* is void, yet one stipulating not to do so in a particular place, or within certain limits, is valid. This has always been the rule in this country. The wisdom of the rule as qualified cannot be doubted. It is eminently suited to the genius of our institutions. It prevents the building up of monopolies and the creation of exclusive privileges.

Contracts in general restraint of trade produce them—they tend to destroy industry and competition in a country, thus enhancing prices and diminishing the products of skill and energy; they impair the means of livelihood, and injure the public by depriving it of the services of men in useful employments. The law, therefore, guards against these evils by declaring such contracts void. (Pike v. Thomas, 4 Bibb, 486.)

This reasoning, however, does not apply to such as impose but a *special* restraint, as not to carry on trade at a particular place or with certain persons, or for a limited reasonable time. The party contracting is then left free to exercise his trade or transact business at other places, other times, and with other persons. Indeed, a particular trade may be promoted by being limited for a short period to a few persons, and the public benefited by preventing too many from engaging in the same calling at the same place.

If, therefore, the limitation be a reasonable one, it will be upheld. (Grundy v. Edwards, 7 J. J. M., 368; Turner v. Johnson, 7 Dana, 435.)

The one now under consideration is so ; it related to the use and occupation of the property ; it was a covenant running with the land, and, therefore, effective against a tenant or assignee of the vendee ; and the appellants were, when enjoined, engaged in the willful violation of it. (Stephens' Nisi Prius, 1113.)

Judgment affirmed.