Stovall v. McCutchen, &c.

---

CASE 94—INJUNCTION IN RESTRAINT OF VIOLATION OF A CONTRACT—JANUARY 23.

## Stovall v. McCutchen, Etc.

107     577
138     540

APPEAL FROM LOGAN CIRCUIT COURT.

1. CONTRACTS—PARTIAL RESTRAINT OF TRADE—VALIDITY.—A contract entered into by merchants of Russellville, binding themselves to close their places of business at 6:30 o'clock, beginning May 15, 1895, and lasting until the 1st of September, is a valid and binding agreement, the consideration for same being the mutual obligation to close.

2. SAME—QUESTION OF FACT.—The defense introduced to the suit of an agreement that certain conditions had been omitted from the contract is a question of fact upon which this court declines to interfere with the judgment below.

3. SAME—INJUNCTION.—In such a case, an injunction is a proper remedy. The recurring breach each day requiring numerous actions at law. A court of equity has jurisdiction to prevent a multiplicity of actions.

S. R. CREWDSON FOR APPELLANT.     (JOHN S. RHEA AND J. S. HOOKER OF COUNSEL.)

1. The paper sued on has none of the essential elements of a contract and is so uncertain that from its terms it is impossible to determine the meaning or intent of the parties.

2. To supply the alleged omission, to-wit, "in the evening,"

[ 37 ]

and "that they can open their stores on Saturday nights," still does not invest the paper with such elements as are demanded by a contract.

3. The paper is a mere *nudum pactum*.

4 An injunction is not the proper remedy.

> Citations: Hooker v. Vandewater, 47 Am. Dec., 258; Alger v. Thatcher, 81 Am. Dec., 122; Bowser v. Bliss, 3 Am. Dec., 93; Keeler v. Taylor, 91 Am. Dec., 22.

J. S. HOOKER ON THE SAME SIDE. (S. R. CREWDSON AND JOHN S. RHEA OF COUNSEL.)

Counsel argued that the injunction granted was not authorized by the testimony.

H. S. McCUTCHEN FOR APPELLEE. (CRADDOCK & SANDIDGE OF COUNSEL.)

1. On the validity of the contract: Wilson v. Davis, 1 Mar., 220; Crawford v. Beard, 4 J. J. Mar., 187; Matthews' Admr. v. Meek, 23 Ohio St., 272; Philpot v. Grueninger, 14 Wall, 570; 2 Kent's Com. (12th ed.), 465; Anson on Contracts, 63; Pollock on Contracts, 166; Parsons on Contracts, 444; Talbott v. Stemmon's Ex'rs, 11 Ky. Law Rep., 451; Hamer v. Sidway, 21 Am. St. Rep., 693; s. c., 124 N. Y., 538; Pike v. Thomas, 4 Bibb, 486; note to same case, 7 Am. Dec., 743; Beard v. Dennis, 63 Am. Dec., 380; Angier v. Webber, 92 Am. Dec., 718.

2. A mistake made by omitting something from a written contract may be reformed by a court of equity and the reformed contract enforced. 15 Am. & Eng. Ency. of Law, 673; Menonee, &c., Co. v. Langworthy, 18 Wis., 444.

3. Injunction was the proper remedy: 10 Am. & Eng. Ency. of Law, 945; Sterling v. Klepsattle, 24 Ind., 96; McClurg's Appeal, 58 Penn. St., 54; Story's Eq. Jur., sec. 925, 926; Campbell v. Seaman, 63 N. Y., 568; Sutton v. Head, 86 Ky., 156.

4. The judgment was right upon the evidence.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In May, 1895, appellant and appellees, all merchants of Russellville, signed an agreement as follows:

"We, the undersigned, merchants of Russellville, do hereby agree and obligate ourselves to close our place of business at 6:30 o'clock, beginning May 15th, 1895, and lasting until the first of September."

The pleadings and proof all agree that the intention of this writing was that the stores were to be closed at 6:30 p. m. of each day during the time specified, except on Saturdays.

After compliance for a few evenings after the 15th of May, appellant notified appellees that he declined to further comply with the agreement, but would disregard it. This he did.

Appellees instituted this action to obtain an injunction against appellant to prevent a violation of the agreement, or rather to compel him to specifically perform the agreement. A temporary injunction was granted.

Appellant made defense to the action, pleading that he signed the agreement conditionally. He alleges that one of the conditions was that others, who never did sign, were also to sign the agreement. Another condition was that he, at the end of a few days' trial, could withdraw from the agreement if he so desired,—and that these conditions were left out by mistake, as were the provisions that the closing was to be daily at 6:30 p. m., and not to apply to Saturdays.

On these issues, presented by the answer, proof was taken, and on final hearing the temporary injunction was made perpetual, and from that judgment this appeal is prosecuted.

It is insisted by counsel for appellant that there is no consideration for the agreement; that it is against public policy and void; that, because of its uncertainty, it can not be specifically enforced; and that the trial court erred in adjudging, on the proof, that there were no conditions omitted from the writing.

We are of opinion that the proof fails to establish that appellant signed the writing with the understanding that

any others were to sign than those whose names appear thereto. We are also of opinion that the proof fails to establish appellant's contention that he had the privilege of withdrawal after trial.

We think there is sufficient consideration to uphold the contract. "Valuable considerations," says Bouvier (title, "Consideration"), "are either some benefit conferred upon the party by whom the promise is made, or upon a third party at his instance or request, or some detriment sustained, at the instance of the party promising, by the party in whose favor the promise is made;" citing Overstreet v. Philips, 1 Litt., 123; Lemaster v. Burckhart, 2 Bibb, 30; Wooldridge v. Cates, 2 J. J. Marsh., 222.

Again the same author (Bouvier) says: "Mutual promises made at the same time are concurrent considerations, and will support each other, if both be legal and binding."

This court, in the case of Talbott v. Stemmons' Ex'r, 89 Ky., 222, [25 Am. St. R., 531, 12 S. W., 297, 5 L. R. A., 856], held a promise to abstain from the use of tobacco to be a sufficient consideration for an agreement to pay $500. The Court of Appeals in New York, in Hamer v. Sidway, 124 N. Y., 538, [21 Am. St. R., 693, 27 N. E., 256, 12 L. R. A., 463], held the same thing.

We are of the opinion that the mutual promises to refrain from engaging in business after 6:30 p. m. of each day are sufficient loss or detriment in the way of financial transaction, or are sufficient gain or advantages from a social or healthful standpoint, to support a contract. The loss or gain is to be supposed to be alike to all parties. There is complete mutuality. Whilst it is true that contracts in restraint of trade are to be carefully scrutinized, and looked upon with disfavor, all contracts in re-

straint of trade are not illegal.  The restraint here put is but partial—very inconsiderable.  It is but a few hours, at most, each day, and for three and one-half months, during the extremely hot weather.

It has come within the observation of the members of this court that during this season (May 15th to September) many merchants close about 6:30 or 7 p. m.  This can not be held to be an illegal restraint of trade.

As to the question of uncertainty of the contract, appellant's position might be tenable, if it were not shown by the pleadings in the case precisely what the contract was intended to mean.  The courts rarely ever reform and then specifically enforce a contract.  The reason of this is that the dispute comes as to what contract was intended to be entered into.  This is not so here.  All parties agree that this writing was intended to say and mean that the places of business should be closed at 6:30 p. m. each day, except Saturdays, between May 15th and September 1st.

We think that in this case injunction is a proper remedy.  The recurring breach each day of the contract would require numerous actions at law, and by different plaintiffs as well; or, if not, there would at least be a continuing damage by the breaches and violation of the contract up to September 1st.

It has repeatedly, if not universally, been held that injunction is proper in either of these classes of cases, to prevent a multiplicity of actions, or to prevent a repeated and recurring cause of action.  Sutton v. Head, 86 Ky., 156, [9 Am. St. R., 274, 5 S. W., 410].

Judgment affirmed.