## Linneman & Moore v. Allison & Yates.

(Decided February 16, 1911.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Contracts—Restraint of Trade—Reasonable Restriction.—Where defendant sells to plaintiff his livery and undertaking business together with his good will and agrees not to engage in the same business within fifty miles of the place where the business is located for a period of ten years, and it appears that the restriction is necessary for the protection of plaintiff from competition at the hands of defendant, the restriction as to time and place is reasonable, and such contract is not void because in restraint of trade.

2. Injunction.—Where the seller in violation of his agreement again engages in the same business with another party within the restricted territory and within the time forbidden by the contract, the purchaser may enjoin them from continuing the business.

BYRNE & REED and WM. A. BYRNE for appellants.

JOHN L. RICH for appellees.

Opinion of the Court by Wm. Rogers Clay, Commissioner—Affirming.

On July 10th, 1907, appellant Gus W. Menninger, who was then engaged in the livery and undertaking business in the city of Covington, sold his entire business, including all personal property used in connection therewith and certain real property where the business was conducted, to appellees Allison & Yates, for the recited consideration of $37,500. Appellant Menninger included in the sale his good will, and agreed not to engage in the undertaking or livery business, directly or indirectly, within fifty miles of Covington for a period of ten years from the signing of the contract. In the year 1908 Menninger again engaged in the livery and undertaking business in Covington. To this end he formed a partnership with appellant Maria Moore, and they proceeded to conduct, and did conduct such business under the firm name of Linnemann & Moore.

Appellees brought this action for the purpose of enjoining appellant Menninger from engaging in the undertaking and livery business with appellant Maria Moore, or with any one else, or at all, within fifty miles of the city of Covington for a period of ten years from July 10th, 1907; also to enjoin him from permitting or suffering the appellant, Maria Moore, or any one else from using his name in the conduct of such business; and also to enjoin the appellant, Maria Moore, from engaging with said Menninger in said business. Upon the institution of the action a temporary injunction was awarded appellees, and upon final hearing this injunction was made permanent. From the judgment so entered this appeal is prosecuted.

Appellants insist that the contract by which Menninger agreed not to engage in the livery or undertaking business within fifty miles of the city of Covington for a period of ten years is in restraint of trade, and, therefore, void as against public policy. The principal reasons for holding contracts in restraint of trade void are (1) injury to the public by being deprived of the restricted party's industry, and (2) injury to the party, himself, by being precluded from pursuing his occupation, and thus being prevented from supporting himself and family. Where, therefore, the contract is general, i. e., not to pursue one's trade at all, or not to pursue it in the entire realm or country, both objections arise and

the contract is clearly against public policy. On the other hand, it is also the policy of the law to permit men of full age and competent understanding to have the utmost liberty of contracting; and where the contract imposes a restraint reasonable as to both time and space, it is the policy of the law to uphold and enforce such a contract. The point of difficulty is to determine what is a reasonable time, or what is a reasonable distance within which the prohibitory stipulation may lawfully have effect. A stipulation that another shall not pursue his trade or employment at such a distance from the place of business of the person to be protected that it could not possibly affect or injure him, would be unreasonable. On the other hand, a stipulation is unobjectionable and binding which imposes a restraint to only such an extent of territory as may be necessary for the protection of the party making the stipulation, provided it does not violate the two indispensable conditions, that the other party be not prevented from pursuing his calling and that the country be not deprived of the benefits of his exertions. (Oregon Steam Navigation Co. v. Windsor, 20 Wall., 69; Sutton v. Head, 86 Ky., 156.)

The proof in this case shows that Menninger was an extensive advertiser and did a large business, not only in the city of Covington, but in the adjoining counties. He frequently conducted funerals as far as thirty miles from Covington, and occasionally at a greater distance Appellees are also engaged in doing business, not only in Covington, but in the surrounding counties. If, then, Menninger should locate at any point within fifty miles of Covington, he would necessarily come in competition with appellees. That being true, it follows that the restriction as to territory was reasonably necessary for the protection of appellees.

Nor will Menninger be deprived of an opportunity to pursue his business, or the country be deprived of the benefits of his exertions; for, outside of the restricted boundary there is plenty of territory left wherein he may engage in business; and at the expiration of the time limit he may also engage in business in the city of Covington. We, therefore, conclude that the restriction contained in the contract in question is reasonable, and that the chancellor properly granted the relief prayed for.

Judgment affirmed.