## Kochenrath v. Christman.

(Decided May 31, 1918.)

Appeal from Oldham Circuit Court.

1. Contracts—Restraint of Trade—Validity.—A contract, by which the owner of a wholesale and retail mail order liquor business located in New Albany, Ind., sold and conveyed his business for a large consideration and agreed not to engage in the same business either directly or indirectly in any portion of the state of Indiana for a period of five years, is valid, no queston of public interest being involved, and the nature of the business being such that the restraint was no more than was reasonably necessary for its protection.

2. Contracts—Restraint of Trade—Damages.—For a violation of a contract for the sale of a business by which the seller agreed not to engage in the same business for a certain time in certain territory, the purchaser may bring but one action for damages and is entitled to recover all damages accruing up to the time of the trial.

3. Contracts—Restraint of Trade—Violation—Damages.—Under a contract by which the owner of a wholesale and retail mail order liquor business sold and disposed of his business and agreed not to engage either directly or indirectly in the manufacture or sale, either wholesale or retail, of spirituous, vinous, malt liquors, etc., in any portion of the state of Indiana for a period of five years, the filling of orders received from customers in Kentucky by delivering the liquor to the express company was a sale in Indiana within the meaning of the contract and therefore a violation of the contract for which damages sustained by such orders could be recovered.

4. Contracts—Restraint of Trade—Violation—Damages.—Evidence examined and held to sustain a finding of damages in the sum of $4,000.00 for the violation of a contract by which the owner disposed of a wholesale and retail mail order liquor business and agreed not to engage in the same business in the same state for a period of five years.

5. Trial—Equitable Action—Common Law Issue—Transfer of Cause.
—Where a litigant desires to have an issue at law arising in an
equitable action tried by a jury, the motion to have the case
transferred for such purpose must be made when the pleading
tendering the issue is filed or within a reasonable time thereafter.

6. Trial—Equitable Action—Common Law Issue—Transfer of Cause
—Motion.—Where in an equitable action to enforce a mortgage
lien, defendant counter-claimed for damages and the plaintiff failed
for three years to move for a transfer of the case for a trial of
the common law issue of damages and in the meantime the case
had been prepared for trial in equity, his right to a jury trial
was then lost and he could not restore this right by first dis-
missing the petition for the purpose of eliminating the equitable
feature of the case and then making the motion to transfer.

E. B. BEARD and EDWARDS, OGDEN & PEAK for appellant.

WILLIS, TODD & BOND and W. V. BULLITT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

Prior to January 1, 1912, Chas. A. Kochenrath was
conducting in the city of New Albany, Ind., the busi-
ness of a wholesale and retail liquor dealer under the
name of the City Bottling Works. Besides beer and
whiskey he sold mineral water, temperance beer, dry
beer, etc. The greater portion of his business was what
is known as mail order business. On January 17, 1912,
Kochenrath, by a written contract which became effect-
ive January 1, 1912, sold and conveyed to Otto W. Christ-
man for a large consideration, a part of which was rep-
resented by a note for $4,000.00 secured by a mortgage
on real estate located in Shelbyville, Ky. By the con-
tract in question, Kochenrath obligated himself not to
engage directly or indirectly in the manufacture or sale,
either wholesale or retail, of spirituous, vinous, malt
liquors, mineral waters, kolas, temperance beer, dry beer,
etc., in any portion of the state of Indiana for a period
of five years. A few months later Kochenrath vio-
lated his contract by engaging in the same business in
the city of New Albany, under the name of the Cres-
cent Liquor Company.

In the year 1914, Kochenrath brought suit against
Christman in the Shelby circuit court to collect
the note for $4,000.00, subject to a credit of $1,000.00
paid September 8, 1912, and to enforce his mortgage

lien.  Christman interposed a counter-claim for damages in the sum of $10,000.00, based on Kochenrath's violation of the contract of sale.  After proof had been taken by deposition and the case had dragged along for about three years, Kochenrath dismissed his petition without prejudice and asked a transfer of the action to the common law docket for the trial of the issue of damages. This motion was overruled and the case then submitted.  The court held as a matter of law that the contract was valid and had been violated by plaintiff. It further held as a matter of fact that defendant had been damaged in the sum of $4,000.00 by the violation of the contract.  Judgment was entered accordingly, and Kochenrath appeals.

It will be observed that by the agreement in controversy the seller disposed of the entire business, and that the restraint imposed is ancillary to the contract of sale, and, therefore, the contract falls within the rule that the restraint imposed must be incident to, and in support of, another contract or sale in which the purchaser acquires some interest in the business needing protection.  13 C. J. 477; Barrone v. Moseley, 144 Ky. 698, 139 S. W. 869; Nickell v. Johnson, 162 Ky. 520, 172 S. W. 938.  It will also be observed that the restraint is limited both as to time and place.  Hence the only question to be determined is whether the restraint is no more than is reasonably necessary for the protection of the business transferred, and is not so large as to interfere with the interest of the public.  13 C. J. 475, 476; Linneman v. Allison, 142 Ky. 309, 134 S. W. 134. At one time it was the rule in certain jurisdictions that an agreement not to carry on a business anywhere within a state was invalid, More v. Bonnet, 40 Cal. 251, 6 Am. Rep. 621; Taylor v. Blanchard, 13 Allen (Mass.) 370, 90 Am. Dec. 203; Lawrence v. Kidder, 10 Barb. (N. Y.) 641; but in the later cases this doctrine has been rejected.  13 C. J. 472; Oregon Steam Nav. Co. v. Winsor, 20 Wall. 64, 22 L. Ed. 315; Beal v. Chase, 31 Mich. 490; National Ben. Co. v. Union Hospital Co., 45 Minn. 272, 47 N. W. 806, 11 L. R. A. 437; Diamond Match Co. v. Roeber, 106 N. Y. 473, 13 N. E. 419, 60 Am. Rep. 464; Cowan v. Fairbrother, 118 N. C. 406, 24 S. E. 212, 54 Am. St. Rep. 733, 32 L. R. A. 829; Herreshoff v. Boutineau, 17 R. I. 3, 19 A. 712, 33 Am. St. Rep. 850, 8 L. R. A. 469.  Furthermore the nature of the business

restrained has an important bearing on the question of reasonableness. 13 C. J. 475; American Brake Beam Co. v. Pungs, 141 Fed. 923, 73 C. C. A. 157. Following this rule, it was held that an agreement not to carry on the liquor business was valid on the ground that the business was not a trade to be encouraged. Harrison v. Lockhart, 25 Ind. 112. Indeed it has also been held that a combination of persons and firms in a city for the control of beer and the cessation of competition *inter se* was not void at common law as against public policy, although in restraint of trade, on the ground that beer is not an article of prime necessity and its sale is closely restricted by public policy. Anheuser-Busch Brewing Assoc. v. Houck (Tex. Civ. App.), 27 S. W. 692. Here, too, plaintiff was engaged in selling liquor, a business not favored by the law. He had an exten-sive trade covering a large portion of the state of Indi-ana. The business was conducted by mail orders re-ceived at New Albany, his place of business. Because of this feature, plaintiff could have conducted the same business successfully at any other point in the state, had it not been for the restraint imposed by the contract. The effect would have been to engage in direct compe-tition with the defendant and thus deprive him of a large portion of the good will and trade which he secured by his contract of purchase. We therefore conclude that no question of public interest is involved, and that the re-straint imposed by the contract in question was no more than was reasonably necessary for the protection of the business purchased by the defendant, and that the court did not err in adjudging the restraint to be valid.

But it is insisted that the court erred in fixing the damages at $4,000.00. The evidence shows a deliberate violation of the contract by plaintiff. When he sold out the business of the defendant he retained a mailing list of the customers of the firm both in Indiana and Ken-tucky. When on the stand he refused to exhibit the books of the new business in which he had engaged, or to fur-nish a list of his customers, or to give any information concerning the amount of business which he did. After considerable delay, however, the defendant did secure the deposition of plaintiff's bookkeeper, who testified in substance that plaintiff's new concern did a business averaging about $24,000.00 a year. One-fourth of this business was done on orders received from Indiana and

three-fourths on orders received from Kentucky. The profits averaged 18 per cent, or about $4,300.00 a year. As but one action for damages could be maintained by defendant, we think it clear that he was entitled to recover all damages accruing up to the time of the trial. Davis v. Brown, 98 Ky. 475, 32 S. W. 614. As the business was a mail order business, clearly it was not contemplated by the parties to the contract that plaintiff could establish his headquarters at some place in Indiana and not be guilty of a violation of the contract if he merely filled the orders which were received from persons residing in Kentucky. On the contrary when plaintiff, in response to such orders, delivered the liquor called for to the common carrier, the sale took place in the state of Indiana within the meaning of the contract. We, therefore, conclude that the profits on such sales must be taken into consideration in determining the question of damages. Of course the damages which defendant sustained should not be measured by the entire profits which plaintiff made, but only by the profits of which defendant was deprived by plaintiff's violation of the contract. Not only does the evidence show that plaintiff made an average profit of over $4,000.00 a year for several years, but it also shows that defendant's profits materially decreased after the first year. Of course the mere difficulty of ascertaining the amount of damage affords no reason for refusing damages. Here defendant was awarded only a small amount of the profits which plaintiff made, and we think the evidence considered as a whole supports the conclusion that the damages fixed by the trial court were actually sustained. At any rate they are not so extensive as to justify a reversal of the judgment on that ground.

Another error relied on is the refusal of the trial court to transfer the case to the common law docket for the trial of the issue of damages. The point is made that when the petition seeking an enforcement of plaintiff's lien was dismissed, the equitable feature of the action was eliminated, and there was left only the common law issue of damages which plaintiff then had the right to have tried by a jury. We have frequently written that where a litigant desires to have an issue at law arising in an equitable action by a jury, the motion to have the case transferred for such purpose must be made at the time the pleading tendering the issue is

filed or within a reasonable time thereafter.  Lewis v. Helton, 144 Ky. 595, 139 S. W. 772.  Here plaintiff's motion was not made until about three years after the issue was tendered and the case had been fully prepared for trial in equity.  Though the dismissal of the petition left only the issue of damages, it was nevertheless the same issue of fact tendered by defendant's answer and counter-claim.  Having lost his right to a jury trial by his failure to move therefor in proper time, he could not restore his right by first dismissing the petition and then making the motion to transfer.  We therefore conclude that the trial court did not err in refusing to transfer the case to the common law docket for the trial of the issue of damages.

Judgment affirmed.