## Lane, et al. v. Allen.

(Decided January 22, 1924.)

### Appeal from Bath Circuit Court.

Good Will—Consideration Held to Exist for Agreement Not to Re-engage in Business.—A deed from one of two persons engaged in produce business, executed at the same time as a written contract, whereby both persons agreed not to re-enter into business, referring in terms to the deed, should be construed along with the contract, and the agreement not to re-engage in business by both of such persons should be construed as supported by a sufficient consideration.

C. W. GOODPASTER and CHAS. D. GRUBBS for appellants.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In the petition as amended it is substantially alleged that T. F. Allen and Goebel Allen had been in the produce business in Bath county for several years prior to December 21, 1921, and were experienced men in that business; that on that date the plaintiffs purchased their business, including certain real estate, store house, fixtures and various articles used therein, these being sold and conveyed to plaintiffs by T. F. Allen in consideration of $6,000.00 then paid him; that in consideration of said sale and conveyance and the payment of $6,000.00 to T. F. Allen, it was further agreed by both T. F. and Goebel Allen that neither of them would within the time of two years from that date enter into the produce business in that county, or act as agent therein for any other person; that in violation of such agreement both T. F. Allen and Goebel Allen had engaged and were then carrying on a produce business in that county and diverting large amounts of business from plaintiffs that they would otherwise obtain, and were threatening to continue to do so; that neither T. F. Allen nor Goebel Allen was financially responsible or had any property that could be subjected to a legal demand, and other facts necessary for injunctive relief, the prayer being for an injunction restraining defendants from further engaging in such business.

The deed from T. F. Allen and wife and the written contract of T. F. Allen and Goebel Allen were filed as exhibits, the latter reading as follows:

"This contract made and entered into this the 21 day of December, 1921, between T. F. Allen, party

of the first part, and C. B. Lane, James Hart and J. L. Atchison, parties of the second part, witnesseth: That whereas the said party of the first part has this day sold and conveyed to said parties of the second part certain real estate and other property used by said first party in conducting and operating a poultry and egg business in the town of Owingsville, Kentucky, more commonly known as the produce business in its general term.

"Now, in further consideration of the premises, the said T. F. Allen and his son, Goebel Allen, hereby agree and bind themselves not to engage in the produce business in Bath county for a period of two years or to engage in said business as agent for any other person for a period of two years.

"Witness our hands this the 21 day of December, 1921.

"T. F. ALLEN,
GOEBEL ALLEN."

Goebel Allen filed a separate demurrer to the petition as amended. This was sustained and as to him the suit was dismissed, from which this appeal results.

It appears that the trial court was of the opinion that the contract above set out was without consideration as to Goebel and therefore not binding on him.

In this we think the court was in error. Both instruments were executed at the same time and each should be construed in the light of the other. It is clear that the agreement not to engage in business within two years was a part of the consideration of the purchase, and if by reason of this Lane paid T. F. Allen $6,000.00 for the property conveyed, this payment to T. F. Allen would form a sufficient consideration to uphold Goebel Allen's contract. Williamson v. Yager, 91 Ky. 282; Snyder v. Snyder, 193 Ky. 233; Stovall v. McCutcheon, 107 Ky. 580; Gregory v. McFarland, 1 Duvall 59.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.