### Hailes v. DeCaigny, et al.

(Decided January 22, 1924.)

### Appeal from Allen Circuit Court.

1. Judicial Sales—Chancellor May Cancel Deed During Term.— Where land was sold by commissioner under order of court, the chancellor could, on motion, at the same term at which the sale was made, reported, and confirmed, and at which the deed was made, set aside the deed to the end that a conveyance might be made to the real purchasers.

2. Motions—Within Power of Court to Correct Any Mistake Made During Term of Court.—At any time during the term of court it is within the power of the court to correct any mistake it has

made, to cancel its orders, and make new ones, or take any action which it might have taken in the first place.

GOAD & GOAD and RODES & HARLIN for appellant.

F. R. GOAD for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Prior to the 14th of November, 1922, in an action pending in the Allen circuit court there was an order of sale by that court of what is known as the Pitcock lease, and the equipment thereon.

On that day the sale was had by the master commissioner and appellant was the highest bidder, and the lease was knocked off to him. Before the sale of the leasehold, however, the equipment had been sold by the commissioner, and appellee Reed and certain other parties had become the purchasers of different parts of the equipment.

Before this sale of the lease and equipment, there had been an agreement between appellant and appellee DeCaigny whereby they had agreed to become bidders on this property and equipment, and whereby they would become the joint owners of the same. On the day of the sale, however, and at the time of the sale, all three of the parties entered into an agreement by which appellant should be the bidder for them all on the leasehold, and Reed should become the purchaser for them all of the equipment, with the understanding they should thereafter be the equal and joint owners of the whole. Appellant had not known Reed before the day of the sale, but had known DeCaigny, and the latter informed appellant that Reed was a desirable associate. Appellant and DeCaigny immedately after the sale, and on the same day, each gave to the master commissioner his check for one-half of the purchase price of the leasehold, and at the time they knew Reed had become the purchaser of a part of the equipment, and they then agreed they would buy the balance of the equipmnt which had been sold to other parties, and actually did so on that day.

After the sale and after these arrangements had been made, appellant became dissatisfied with Reed as an associate, and insisted that DeCaigny should "get him out of the deal," and thereafter himself actually offered to buy out the one-third interest of Reed. The parties got

into some sort of controversy among themselves, and appellant finally directed the commissioner to make the deed to the leasehold to him alone, although the commissioner knew at the time that DeCaigny had paid one-half of the purchase price of the leasehold. Accordingly the deed was made by the commissioner to appellant in his name alone, and the same was approved by the court and turned over to appellant who filed it for record in the county court. DeCaigny and Reed then went into court, and upon their motion the deed made to appellant alone was cancelled, and the facts appearing to the court another deed was ordered to be made to all three of the parties.

The three parties contemplated an operation of the lease for oil purposes, and appellant refusing to pay his part of the expenses of operation, and the dissatisfaction continuing between the three associates, DeCaigny and Reed brought this equitable action asking for the appointment of a receiver, and for a sale of the property and a division of the proceeds.

The lower court granted the prayer of the petition, and after having appointed a receiver, who operated the lease pending the litigation, in a final judgment it was ordered to be sold.

The answer and counterclaim of appellant asserted that he was the sole owner of the leasehold, and sought to have set aside the last deed made by the court to the three parties jointly. The first question is whether the court had the power, upon motion of the appellees in the original action, wherein the judgment of sale was first had, to cancel the deed which it had theretofore ordered made to appellant, and to direct the new deed conveying to each of them a one-third interest in the property.

The motion made in the original action to cancel the first deed made to appellant alone was made at the same term the sale had been reported and confirmed, and at the same term the deed had been made, and it is perfectly clear that the whole matter at that time was in the hands of the chancellor, and he had it within is power to set aside any orders made during that term, and retract any action that had been taken.

The records of the master commissioner disclosed the fact that appellant was not the sole purchaser of the leasehold, and when this was made to appear to the court on the motion to cancel the deed, it was not only within his power, but it was his duty to cancel the deed to the end that the conveyance might be made to the real purchasers.

At any time during a term of court it is within the power of the court to correct any mistake it has made, to cancel its orders and make new ones, or take any action which it might have taken in the first place. The mere ordering of a deed made by error to the wrong person as purchaser is not such final action as the court may not retract at the same term of court. Sullivan v. Wright, 201 Ky. 22.

But in this case it is wholly immaterial whether the court in the first place had the power to cancel the deed by its order in the original action, for the appellant in his answer and counterclaim here seeks to have set aside the last deed made to the three parties jointly, and to have it adjudged that he was the sole owner of the leasehold, and the court in its judgment in this case again adjudged he was the owner of only one-third of the leasehold and equipment. So that it is of no practical value to pass upon the question of the court's power in the original action, for the same cause of controversy has been passed upon in this action at appellant's instance.

There is some discussion also of the question of fact whether or not appellant was the purchaser for himself alone of the leasehold. It is unnecessary to go into the details of the evidence, but it is sufficient to say that it is shown with reasonable certainty there was an agreement between the parties they should be jointly the owners of the leasehold and the equipment, and this is made to appear by the fact that the checks and exhibits on file show that they each paid approximately one-third of the whole purchase price for the leasehold and equipment bought at the sale and thereafter.

The chancellor's judgment is in accord with the facts and the equities, and it is affirmed.