## Durham et al. v. Lewis.

(Decided November 22, 1929.)

O. B. BERTRAM for appellants.

W. H. SPRAGENS for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Affirming.

On March 31, 1925, the appellant C. M. Durham, in consideration of the sum of $11,960 cash, sold and transferred to R. J. Cooper and Clement S. Hill, Jr., 92 shares of the capital stock of S. H. Grinstead Company, a Kentucky corporation engaged in the produce business in Taylor and adjoining counties. Simultaneously therewith, and as a part of the transaction, Durham and his wife, Ollie G. Durham, entered into a written contract with Cooper and Hill whereby the former undertook and agreed, in consideration of the sale and purchase of the 92 shares of stock, that neither of them would during the ten years next thereafter, engage in the poultry or egg business in Marion, Washington, Taylor, and Adair counties.

On June 18, 1927, Cooper and Hill sold and transferred the stock acquired by them from Durham to the appellee, Lewis, and assigned to him their interests in and benefits under the contract between them and Durham.

Some time in March, 1928, the defendants, or Mrs. Durham, again engaged in the poultry and egg business, in the counties named; and on August 2, 1928, Lewis instituted this action to enjoin them from carrying on that business in the counties named until the expiration of ten years from March 31, 1925.

It was alleged in the petition and not denied in the answer that, at the time of the sale of the stock to Cooper and Hill and execution by defendants of the contract sued on, the defendant Durham was the manager and in active charge of the corporation's business and had acquired a knowledge of its business methods and customers and a wide acquaintance with the people of the territory embraced in the contract and from whom the corporation acquired the produce it sold, which the defendants might use so as to benefit a rival and seriously interfere with and injure the business of S. H. Grinstead Company.

In their answer, appellants did not deny executing the contract, but sought to avoid it on the grounds that it was without consideration as to Mrs. Durham, that it was not assignable, and that it was a contract in restraint of trade. A demurrer was sustained to the answer, and, upon their declining to plead further, judg-

ment was rendered in accordance with prayer of the petition, and they have appealed.

The first ground relied on in appellants' brief to reverse the judgment is that the contract sued on was an attempt to sell the good will of a corporation in which the vendor was merely a stockholder, in which good will he had no vendible interest, and for that reason it was a contract in restraint of trade and void as against public policy.

In a long line of decisions of this court, beginning with the case of Pyke v. Thomas, 4 Bibb, 486, 7 Am. Dec. 741, it has been uniformly held that contracts in partial restraint of trade, such as the contract in this case, are valid and will be upheld when the contract is incident to or in support of a contract or sale in which the purchaser acquires an interest in a business needing protection and provided the restraint is reasonable and not so extensive as to affect the public interest. Some of these cases are Gunther Grocery Co. v. Koll, 153 Ky. 446, 155 S. W. 1145; Sutton v. Head, 86 Ky. 156, 5 S. W. 410, 9 Ky. Law Rep. 453, 9 Am. St. Rep. 274; Louisville Board of Fire Underwriters v. Johnson, 133 Ky. 797, 119 S. W. 153, 24 L. R. A. (N. S.) 153; Nickell v. Johnson, 162 Ky. 520, 172 S. W. 938, 939; Lane v. Allen, 201 Ky. 643, 258 S. W. 85.

Appellee, however, seeks to differentiate this case on the ground that the sale here was not a business owned by the seller, but was merely a sale of stock in a corporation which owned the business, and that as a mere stockholder the seller had no vendible interest in the good will of the business. They rely upon two California cases, Merchants' Ad-Sign Co. v. Sterling, 124 Cal. 429, 57 P. 468, 46 L. R. A. 142, 71 Am. St. Rep. 94, and Dodge Stationery Co. v. Dodge, 145 Cal. 380, 78 P. 879.

At the time those cases were decided, California had a statute (sections 1673 to 1675, Cal. Civil Code) providing, in effect, that every contract by which one is restrained from exercising a business or calling is void to that extent, except that one who has *sold the good will* of a business may agree not to carry on a similar business within a specified county or town, as long as the buyer or any one deriving title to the *good will from him* carries on the business, and that, in anticipation of dissolution of a partnership a partner may agree not to carry on a similar business in the town or city where the partnership was located.

From a consideration of the court's opinion in those cases, it is made clear that the injunctive relief sought by the purchasers under the contracts sued on was denied on the ground that the contracts were within the statutory prohibition.

There is no contention here that the restraint imposed by the contract in suit is unreasonable, but it is contended that, unless there was a sale of the good will, the contract is illegal and void. Cenceding that a stockholder cannot sell the good will of a corporation, we have been cited to no rule of law which holds invalid a contract such as the one sued on unless it constitutes the sale of the good will, and our independent search has disclosed none. In the case of Barrone v. Moseley Bros., 144 Ky. 698, 139 S. W. 869, 870, it was said:

"That there may be a reasonable restraint of trade, is no longer an open question. . .

"A contract in restraint of trade will be enforced only when the restraint is no more extensive than is reasonably required to protect the interest of the party in whose favor it is given, and is not so large as to interfere with the interests of the public. It is, however, a very general rule that all contracts of this character.must be incident to and in support of another contract or sale, in which the convenantor has an interest which is in need of protection. In other words, no conventional restraint of trade will be enforced, unless the covenant embodying it is merely ancillary to the main purpose of a lawful trade, and is necessary to protect the covenantee in the enjoyment of the legitimate fruits of the contract, or to protect him from the dangers of an unjust use of those fruits by the other party."

See, also, Kochenrath v. Christman, 180 Ky. 799, 203 S. W. 738; Keen, etc., v. Ross, 186 Ky. 256, 216 S. W. 605, and Nickell v. Johnson, supra, in the latter of which the court said:

"Covenants in partial restraint of trade are now generally upheld as valid when they are agreements by a seller of business not to compete with the buyer in such a way as to decrease the value of the business; by a retiring partner not to compete with the firm; by a retiring partner not to do anything to hinder the business of the partnership; by an assistant or agent not to compete with his master or

his employer after the expiration of his term of service; by the buyer of property not to use it in competition with the business retained by the seller; or an agreement made by the lessor of property not to use it in competition with the business of the lessee.''

No distinction is perceptible between the case of a retiring partner who disposes of his interest in the part-. nership and agrees that he will not compete with the firm, and that of a retiring stockholder who disposes of his stock and enters into a similar undertaking. As a mere stockholder, the latter is interested in the business of the corporation, and his stock ownership represents an interest in the assets and property of the corporation. It is apparent that neither the partner in the one case or the stockholder in the other has attempted to sell the good will of the business, but has undertaken, in consideration of the purchase of his interest, that he will neither lend nor sell to a competitor what ever of influence with the public or knowledge of the partnership or corporate business and methods he has acquired, nor use such influence or knowledge for his personal benefit, to the detriment of the business in which he has disposed of his interest.

It seems quite clear to the court that, as manifested by the record in this case, a stockholder, who has been in active charge of a corporate business, and who has, by reason thereof, acquired a knowledge of and wide acquaintance with producers of the commodities the corporation deals in, may increase the vendibility of his stock by agreeing with the buyer that he will refrain from carrying on or engaging in the same sort of business for a limited time and within reasonable limits as to territory. Undoubtedly the purchaser of another's stock in a corporation has acquired an interest in the corporate business and which he may protect by such a contract from the seller; the covenant of the seller is ancillary to the sale of his stock, and may be regarded and treated as necessary to protect the buyer in the enjoyment of the legitimate fruits of his purchase and to protect him from the unjust use of those fruits by the seller.

2. The second ground urged for a reversal of the judgment is that, in so far as Mrs. Durham is concerned, there was no consideration moving to her for the execution of the contract. A similar contention was made in

606

the case of Lane et al. v. Allen, 201 Ky. 643, 258 S. W. 85, 86. In that case T. F. Allen and his son, Goebel Allen, had been engaged in the produce business in Bath county, occupying property and using equipment belonging to T. F. Allen individually. T. F. Allen and his wife, for the recited consideration of $6,000, conveyed the property to appellants in that case, and at the same time T. F. Allen and Goebel Allen entered into a written contract with the purchasers not to engage in the produce business in Bath county for a fixed period of time. In disposing of that contention this court said:

"It appears that the trial court was of the opinion that the contract above set out was without consideration as to Goebel, and therefore not binding on him. In this we think the court was in error. Both instruments were executed at the same time, and each should be construed in the light of the other. It is clear that the agreement not to engage in business within two years was a part of the consideration of the purchase, and, if, by reason of this, Lane paid T. F. Allen $6,000 for the property conveyed, this payment to T. F. Allen would form a sufficient consideration to upheld Goebel Allen's contract."

Upon that authority it must be held that the payment of $11,960 to Mr. Durham was a sufficient consideration to uphold Mrs. Durham's contract.

Perceiving no error in the judgment appealed from, it is affirmed.