HENRY WINTHROP GRAY, as Receiver of the NORTH RIVER SUGAR REFINING COMPANY, Appellant, v. THE OXNARD BROTHERS' COMPANY, Respondent, Impleaded, etc.

*Illegal combination — dissolution of a corporation on account thereof in an action brought by the State — right of the receiver to the fruits of the illegal combination.*

The receiver of a sugar refining company, appointed under a judgment, in an action brought by the State to dissolve the corporation on account of its having become a party to an illegal combination formed for the manufacture and sale of sugars, cannot maintain an action to recover the profits of the illegal transaction from another party engaged with the sugar refining company in such illegal combination, where it is necessary, in order to sustain the action, to appeal to and depend upon the terms of the illegal agreement.

*Quære*, whether, if the combination which resulted in the formation of the sugar refining company had been lawful, the receiver of one of the parties combining would have a right to an account of profits earned by the company, or whether all of such profits would belong to the holders of the certificates issued by the trustees of the combination.

APPEAL by the plaintiff from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 21st day of June, 1890, in favor of the defendant, sustaining the defendant's demurrer to the plaintiff's complaint.

Also an appeal from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 21st day of June, 1890, sustaining the defendant's demurrer to the plaintiff's complaint, with leave to the plaintiff to amend his complaint within twenty days of the service of such judgment with notice of entry thereof, and directing final judgment to be entered upon the minutes, in favor of said defendant, should the plaintiff fail to amend his complaint.

*De Lancey Nicoll* and *John M. Bowers*, for the appellant.

*John E. Parsons* and *Elihu Root*, for the respondent.

DANIELS, J. :

The plaintiff was appointed the receiver of the property and effects of the North River Sugar Refining Company under a judgment dissolving the corporation, on account of its having become a party to an illegal combination formed for the manufacture and sale of sugars, syrups and molasses. The judgment dissolving the corporation was brought by appeal before this General Term, where it was affirmed. (*People* v. *North River Sugar Refining Co.*, 54 Hun, 354.)

An appeal was then taken to the Court of Appeals upon the disposition of which the judgment was again affirmed. (*People* v. *N. R. S. R. Co.*, 121 N. Y., 582.) By the complaint it appears that the plaintiff, as receiver, has obtained possession of the money and property of the North River Sugar Refining Company, and now has the same under his undisputed control.

But it is further alleged that the company entering into and forming the combination, which was formed between it and other incorporated companies, created a partnership under which the business has since been carried on. And that gains and profits have been derived from the business, which, by the deed creating the association, are to be divided and distributed, and that he, as receiver of this company, is entitled to participate in that distribution. And judgment has been demanded that the partnership or association

shall be dissolved on account of the dissolution, by operation of law, of the North River Sugar Refining Company, and that a settlement of its affairs shall take place. The theory of the plaintiff's action is that he, as receiver of the North River Sugar Refining Company, is entitled to maintain this action for the settlement of the affairs of the combination and the distribution of its assets, and his authority to maintain the action must necessarily depend upon the fact that the company represented by him, as receiver, is entitled to the relief, in whole or in part, which he has demanded. If he, as receiver, has no interest in or right to recover any part of the assets or profits of the combination, then it follows that the action which he has instituted cannot be maintained. Whether he has that right must be determined by the construction of the deed under which the combination was formed, and the transactions following the execution of that deed. The deed itself will be found in the report of the case of the *People* v. *The North River Sugar Refining Company* in the Court of Appeals (*supra*). By this deed the combination which was formed was denominated the Sugar Refineries Company. Its affairs were to be managed by a board of eleven trustees, which might be increased to thirteen by a vote of a majority of its own members. And it was provided in this deed that the capital stock of each corporation becoming a party to it should be transferred to this board, and that in lieu of such stock there should be issued 500,000 shares, of $100 each, by the board and distributed, as was afterwards provided. The form of the certificates to be issued in this manner was made a part of the deed or agreement. These certificates were made transferable by indorsement in like manner as the shares of stock issued by a corporation. It was further provided that the shares of the capital stock of the several corporations should be transferred to the names of the board of the Refineries Company as trustees, to be held by them and their successors as joint tenants, and that this board should hold the stock so transferred, with all the rights and powers incident to stockholders in the several corporations. And certificates, to be issued in place of these shares, were to be apportioned among the different corporations which became parties to the deed. And it was then provided that the shares assigned to the several refineries should be distributed by them to and among the parties interested therein, and that holders of stock in the Refineries Com-

panies should be entitled to so many of the shares allotted to each refinery as should be in the proportion of his stock to the capital of such company. And that shares for stockholders of any refining company who should not surrender their stock might, under the direction of the board, be deposited for their account, with the right to receive the same upon the surrender of their stock. It was further provided that, in the allotment of shares, fifteen per cent of the certificates should be left with the board. The deed then declared that the profits arising from the business of each corporation should be paid over to the board, and the aggregate, or such amount as might be designated for dividends, proportionately distributed by the board to the holders of the certificates issued by it for capital stock. It is quite plain from this, as well as other provisions contained in the deed, that it was intended as a part of the plan that the entire shares of stock in each of the corporations becoming a party to it should be surrendered to this board and be afterwards held by the board, and that, in place of the shares transferred in that manner, the combination or Sugar Refineries Company, through the board, should issue equivalent certificates of its own which would pass over to the owners of the shares in the several corporations, and that the profits of the business carried on by the combination should be paid and distributed among the persons holding these certificates. The complaint then proceeds to allege that, shortly after the execution of the deed, the entire capital stock belonging to each of the corporations was assigned and transferred to the board of the Sugar Refineries Company, and that certificates were issued in the manner provided by the agreement, and delivered in return therefor to each of the corporations, and that certain of such certificates were distributed among the original stockholders in the corporations in accordance with the terms of the deed or agreement. It is further alleged as to this particular corporation that, at or about the time of the execution of the agreement, the entire capital stock of the North River Sugar Refining Company was purchased by or on account of Henry O. Havemeyer and other individuals, as the trustees of the Sugar Refineries Company, and that the same had been delivered to them, and that new certificates had been issued by the Sugar Refineries Company and delivered by them. But what was the object of that delivery the plaintiff alleges he had not been informed.

These allegations disclose the fact to be that, after the deed or agreement was entered into, its requirements were so far complied with as they provided for the delivery of the stock or shares of the North River Sugar Refining Company to the board of trustees of the Sugar Refineries Company, and that this board had issued, for the benefit of the persons entitled to receive them under the agreement, the certificates which were to be exchanged for such shares. It does not appear by the complaint that either one of these certificates at any time became the property of the North River Sugar Refining Company; neither does it appear that any share of its own stock was surrendered by it to the board of trustees to be replaced by the certificate or certificates to be issued by the Refineries Company. But the plain inference sustained by the complaint is that the shares of the North River Sugar Refining Company were outstanding in the hands of persons who had previously acquired the title to them, and that these shares had all been purchased by Mr Havemeyer and the trustees of the Sugar Refineries Company, and that it was in place of these shares that the board of the Refineries Company issued their certificates. And they, from the tenor of the deed or agreement, may reasonably be presumed to have been passed over to the holders of the shares in the corporation in place of which the certificates were issued. These holders of the certificates consequently became the persons entitled to the earnings and profits of the Refineries Company. The North River Sugar Refining Company is not shown to be entitled, as against the holders of the certificates, to participate in these profits, or either directly or indirectly to own any part of the assets of the Refineries Company. And the result appears to follow that the title to these assets or profits never in any form vested in this receiver, and he, consequently, has no right to recover the one or the other in this action. And that the persons who are entitled to the earnings and the assets of the Sugar Refineries Company are the holders of the certificates issued by its own board, and that they, and not the corporations becoming parties to the agreement or deed, are the persons entitled to insist upon a dissolution of the combination and the distribution of its assets, if that may legally be accomplished.

This receiver has, by his own statements, received all the property of the North River Sugar Refining Company. There is nothing

further for him to obtain. But what has accrued from the combination and the transaction of the business is, by the terms of the deed, as well as of the certificates, distributable only among their holders, and he is not one of those persons.

While the North River Sugar Refining Company continued to be a party to this combination, it does not appear that anything was earned by it, or paid over for the use of its property to the board of the Sugar Refineries Company; neither does it appear that any other advantage has been secured from it by that board beyond the circumstance of its having become a party to the combination. In addition to that, what has taken place has been for the benefit of the holders of the certificates, and not of this company, or of the plaintiff as its receiver. His complaint presents no proprietary right whatever which can be asserted or maintained in this action; for the reason already stated, that upon its face he has presented no title to the earnings, dividends or assets of the Sugar Refineries Company.

It has also been alleged in the complaint that the combination was entered into for the unlawful purpose of controlling the manufacture and sale of sugar, syrup and molasses throughout the United States and increasing or advancing the prices thereon, and that this was an unlawful and illegal object. And so it was held by this General Term when the case of the People was decided by it. If the plaintiff could maintain the action, it could only be by enforcing the agreement or deed which was made against the board of the Sugar Refineries Company and the other parties to the action. It is not for a rescission of the instrument and the recovery of any money or property of the North River Sugar Refining Company that the action has been brought, and the case, therefore, is not within the principle of *Spring Company* v. *Knowlton* (103 U. S., 49). But it is for the recovery of the profits and earnings of the combination in the execution of this unlawful agreement, and to recover those profits or earnings the terms of the agreement must be maintained and enforced. And when that is the case the law has become settled that a party to such a combination cannot maintain an action dependent upon the agreement. (*Keene* v. *Kent*, 4 N. Y. St. Rep., 431 ; *Woodworth* v. *Bennett*, 43 N. Y., 273.) This latter authority seems to be specially applicable to this

appeal, for the action there was by one of the parties to an illegal partnership for the recovery of its effects, so far as they were designed to be secured to him by the unlawful agreement. And it was held by the court that the action could not be maintained. A very large number of authorities have been collected and cited in the brief of the counsel for the appellant illustrating the cases in which the parties to an unlawful agreement were not deprived of redress by reason of its illegality, but they all differ so essentially from this case as not to require any special examination. Some of them are peculiar in their consideration of the legal principle applicable to illegal contracts, but no one of them has gone so far as to maintain the right of a party to recover the fruits of the illegal transaction when an appeal to and dependence upon the terms of the agreement is required for that purpose. On the contrary, the courts have uniformly held that an action for redress under those circumstances cannot be maintained. And this has been finally sanctioned by *Leonard* v. *Poole* (114 N. Y., 371).

Upon each of the grounds which have been considered, this action does not appear to be capable of being sustained. The plaintiff has presented no title or interest to or in the assets or earnings of the Sugar Refineries Company which will entitle him to recover any part or portion thereof. And if he had disclosed an interest, which, under the terms of the agreement, might entitle him to maintain this demand against the defendants, his dependence upon the enforcement of the illegal contract would deprive him of success. The demurrer, therefore, which was interposed by the Oxnard Brothers Company to the complaint has been properly sustained, for it does not, as the demurrer has presented the objection to it, state facts sufficient to constitute a cause of action.

The judgment should be affirmed, with costs, but with leave to the plaintiff to amend his complaint within twenty days, upon payment of the costs of the appeal and of the demurrer.

Van Brunt, P. J. :

I cannot concur in the conclusion arrived at by Mr. Justice Daniels, that even if the combination which resulted in the formation of the Sugar Refineries Company had been lawful, that the

receiver of one of the combinors would have no right to an accounting for profits earned by the company, because all such profits belonged to the holders of the certificates issued by the trustees of the combination. Because, as the receiver represents both the stockholders and creditors of the corporation of which he has been appointed receiver, and as the certificates issued by the combination simply represent the stock held in trust by the combination, and as it is because of the deposits of this stock that certificates were issued to the depositors of the stock by the combination, the receiver of the corporation representing this stock seems to have the right to enforce any obligations enuring to the advantage of the stock. The corporation having died, its shares of stock, as such, have been extinguished and the receiver has succeeded to all the rights of the stockholders to gather in property which they, as stockholders, have the right to claim. The certificates issued by the combination represent nothing but this stock; stand in lieu of it, and when all the rights arising from the holding of the stock are transferred by operation of law, it would seem that no rights could be enforced by the holder of a certificate issued to represent the stock, but which no longer did so.

I concur in the view that the action cannot be maintained because of the illegal character of the contract by which the combination was formed. This action is brought for the enforcement of the provisions of that agreement, and, as a court will never lend itself to the enforcement of an illegal contract, this action must fail.

BRADY, J., concurred.

Judgment affirmed, with costs, but with leave to the plaintiff to amend his complaint within twenty days upon payment of the costs of the appeal and of the demurrer.