## Boone v. Burnham & Dallas.

(Decided February 1, 1918.)

## Appeal from Fulton Circuit Court.

1. Landlord and Tenant—Contract of Lease—Public Policy.—Where one leases a warehouse in which he is conducting a poultry business, agreeing with the lessee not to engage in the poultry business within a radius of fifteen miles of the warehouse within five years, the life of the lease, the contract is not against public policy and may be enforced.

2. Landlord and Tenant—Lease—Damages.—In a contract of this kind providing that the lessor will not engage in the poultry business within a given radius for five years, and in case he violates the agreement and buys poultry within said radius within the time, pay one hundred dollars, liquidated damages, to the lessee for each shipment in violation of the contract, the liquidated damages thus provided for are enforcible.

3. Contracts—Restriction.—A contract restricting a trader in poultry not to engage in the business within a radius of fifteen miles for five years, is not an unreasonable restriction.

EDWARD THOMAS for appellant.

H. T. SMITH for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

On December 1, 1915, Boone leased a certain poultry warehouse and fixtures to Burnham & Dallas for a term of five years, at a rental of one hundred and twenty-five ($125.00) dollars per month, payable at the end of each month. This lease was in writing signed by the parties. On December 10th, following, the same parties entered into another writing, whereby, it was agreed that Boone should not engage in the poultry business within fifteen miles of Fulton during the term of the lease executed to Burnham & Dallas. Boone operated a large poultry house at Paducah, Kentucky, and had been engaged in the same business at Fulton and other towns in that vicinity before executing the lease. From this second contract and the evidence it is learned that Burnham & Dallas leased the warehouse of Boone in order to induce him to quit the business in that vicinity for five years.

Burnham & Dallas occupied the warehouse only four months, and during that time paid no rents whatever to Boone, although the lease contract required them to pay each month, and provided that in case payment of rent

was withheld for as much as two months, Boone might declare the lease contract void and take possession of the property.  This he did at the end of four months, acquiring possession of the property by forceable detainer proceedings.  He thereupon immediately instituted this action to recover of Burnham & Dallas five hundred ($500) dollars for four months' rent and certain other small items of damage to the building and fixtures.  Burnham & Dallas immediately filed their answer, counter-claim and cross-petition in which they denied their indebtedness to Boone, alleging that he violated the contract to refrain from engaging in the poultry business in the time and radius stipulated and that the contract provided that in case of such violation he should pay to Burnham & Dallas one hundred dollars, as liquidated damages for each car of poultry shipped, and that Boone had shipped four cars from Fulton and vicinity, and sought to recover of Boone on their cross-petition and counter-claim three thousand ($3,000) dollars, in damages.  Upon a trial before a jury defendants recovered a verdict for one hundred and thirty ($130) dollars.

Although the plaintiff complains of the instructions given by the court, we are constrained to the belief that they fairly submitted the questions of fact to the jury, especially so considering the confused state of the pleadings.

Appellant insists that the contract which he made with Burnham & Dallas whereby it is provided that "T. C. Boone hereby agrees not to engage in poultry business, which includes fowls of all kind, geese and butter, during the life of said lease, and it is distinctly stipulated and agreed that he shall not engage in said business, directly or indirectly, as agent or otherwise for another, within a radius of fifteen miles of Fulton, Kentucky, and if the said T. C. Boone should in violation of this agreement, engage in the poultry business in any manner or way whatever, within a radius of fifteen miles of Fulton, Kentucky, then he agrees that a stipulated damage of one hundred dollars may be fixed as due Burnham & Dallas for each and every car, or for each and every shipment he might make of poultry produce," is void, because it contravenes public policy.

Anciently it was the rule that any contract in restraint of trade was void, but this rule has been modified and relaxed to such an extent that contracts in reasonable restraint of trade are now generally recognized as valid.

The restraint both in time and territory must be reasonable, otherwise it is void. Often it happens that a merchant or other trader sells his business and good will, engaging not to launch a·similar business in a certá ʾn radius within a given time, and all such contracts are held valid and binding. The rule in this state seems to be that where the restraint imposed merely prohibits a party from carrying on a trade at a particular place or for a designated time or with certain particular persons, it is enforceable.

Sutton v. Head, 86 Ky. 156; Stovall v. McCrutchen, 107 Ky. 577; Pike v. Thomas, 4th Bibb 486; Skaggs v. Simpson, 110 S. W. 251; Breeding v. Tandy, 148 Ky. 345. In Borrone v. Mosley Bros, 144 Ky. 698, it is said that any restraint of trade will be upheld when it is an incident to and in support of another contract, or sale, in which the covenantor has an interest which is in need of protection.

Appellant here insists that the territory embraced within the fifteen mile radius around Fulton is greater than was necessary to protect appellees in their business, and, therefore, an unreasonable restraint, violative of public policy. It is true that a restraint must not be more extensive than is reasonably required.to protect the interest of the party in whose favor it is given and it must not be so extensive as to interfere with the interest of the public, for if it does so interfere it will be void to that extent. While there is a controversy in this case as to whether the contract was for ten miles or for fifteen miles, we feel that in either event the territory was not so extensive as to render the contract invalid as being against public policy. Where the contract of restraint appears to have been for a just and honest purpose, for the protection of the legitimate interest of the party, in whose favor it is imposed, reasonable as between the parties, and not specially injurious to the public, the restraint will be held valid.

A contract whereby one agrees not to engage in a given trade, occupation or calling without limit of time or place is not enforceable, because it is said that such a contract will not only deprive the individual of the right to pursue such trade, business or calling, but it would deprive the public of the skill and ability of the individual in his line of business. Many contracts, however, which restrained the individual from engaging in a certain business or calling within a radius of fifty or one hundred miles, have been held valid, and a trader, such as Boone,

in this case, might not unreasonably engage to refrain from his usual occupation within a radius of fifteen miles of a given place. See Torian v. Fuqua, 175 Ky 428, and other authorities there cited.

Evidence is not wanting to sustain the verdict, and it was within the province of the jury to determine all questions of fact properly submitted to them by the instructions.

We are not inclined, under the facts in this case, to attach much importance to the alleged improper argument of counsel for defendant before the jury, for we do not consider the remarks which are attributed to counsel as prejudicial under the circumstances.

Perceiving no error to the prejudice of appellant, judgment is affirmed.