## Scobee v. Brent.

## Same v. Same.

(Decided November 18, 1919.)

Appeals from Clark Circuit Court.

1. Pleading—Alternative Statement of Fact.—Subsection 4, section 113, Civil Code, permits a pleader to set out an alternative statement of fact for his cause of action, where he does not know which fact is true, but, knows, that one or the other, of the alleged facts, is true, but, to make a good cause of action, each of the alternatives must present a case, which entitles the pleader to relief, otherwise, it will be assumed, that the pleader intended to rely upon the statement of fact, which does not make a cause of complaint.

2. Contracts—Restraint of Trade—Common Law in Force.—The common law upon the subject of contracts in restraint of trade, is in force in Kentucky, in addition to the statutes, embraced in chapter 101, Ky. Stats.

3. Contracts—Restraint of Trade.—A contract made with an illegal combination or association of persons, in restraint of trade, will not be enforced, when the enforcement would be in furtherance of the illegal purposes of the combination.

4. Contracts—Restraint of Trade.—When it is necessary to recover in an action to rely upon and prove an illegal contract to create a monopoly or combination in restraint of trade, the action can not be maintained.

5. Contracts—Restraint of Trade—Recovery.—A member of an illegal combination restraining trade, is not precluded from a recovery upon a contract, which is independent of the contract by which the illegal combination is formed, and is not in furtherance of its purposes.

J. M. STEVENSON, GEO. F. WYCOFF, S. T. DAVIS and J. M. BENTON for appellant.

PENDLETON & BUSH for appellee.

Opinion of the Court by Judge Hurt—Affirming the judgment in each action.

These actions are between the same parties and involve the same questions, and are therefore heard and determined together.

A general demurrer was sustained by the trial court to the petition, as amended, in each action, and the plaintiff having declined to plead further, the actions were dismissed, and from the judgments, these appeals are prosecuted. The only question before us, is whether the petition as amended in each case states a cause of action, in favor of the plaintiff against the defendant.

The plaintiff, appellant here, by the petition and amendments to it, in the first action, in substance, states, that, prior to the month of June, 1911, he and the defendant, appellee here, N. Ford Brent, entered into a contract, by the terms of which, he agreed to sell to the defendant a large quantity of blue grass seed, to be delivered to him on the first day of August, 1911; that, at the time he agreed to sell the blue grass seed, he did not own any such seed, and this fact was known to the defendant, and that shortly thereafter, he ascertained that it would be impossible for him to buy enough seed to comply with his contract of sale with defendant, and that the price of blue grass seed rapidly advanced after he had made the contract, and that on or about the — day of June, 1911, the defendant demanded and exacted of him, for his inability to comply with the contract, the sum of $11,000.00, of which sum, he, on that date, paid to defendant, the sum of $5,000.00 in money, and for the remaining $6,000.00, he executed his promissory note, payable to the order of defendant, within twelve months after date, at the Clark County National Bank, and thereafter, on the 29th day of August, 1912, he renewed the note, by executing, to defendant, a note for $6,450.00, due in twelve months, and payable to the order of defendant, at the said bank, and that, thereafter, and before the maturity of the note, the defendant, for a valuable consideration, transferred and assigned the note to the Deposit Bank of Paris, and since, he has been required to pay the full amount of the note to the bank to which it was assigned; that there was no valid consideration for either of the notes; that since the latter note was executed, he has learned and avers it to be a fact, that "either prior

to the time, said contract for the sale of said grass seed was entered into between him and defendant,'' or ''after said time and before he executed to defendant, the note for $6,000.00 and before the date fixed in said contract for the delivery of said seed,'' ''and that one or the other of said states of facts is true, but, that he does not know, which is true,'' the defendant and R. B. Hutchcraft, and others, to plaintiff unknown, had entered into an unlawful agreement and combination to suppress and restrain competition in the trade of buying and selling blue grass seed and to control and regulate the market and to fix the price of same, and that said agreement or combination was illegal and a conspiracy, and illegally and unduly suppressed and restrained competition in the trade of buying and selling blue grass seed, and was a contract in unreasonable restraint of trade and therefore void, illegal, and in contravention of the laws and public policy of this state, ''and that in entering into said contract with him for the purchase of blue grass seed, the defendant was acting in pursuance to said agreement and combination and with the purpose of aiding and helping to carry out its unlawful purpose and made said contract in, furtherance of and as a part of said plan and purpose of said agreement and combination to contract the blue grass seed market, restrain and suppress competition in the trade of buying and selling blue grass seed, and that said contract of sale was void and unenforcible as to plaintiff.'' With relation to whether the alleged combination between the defendant and Hutchcraft and others, was made prior to, or after the making of the contract between plaintiff and defendant, the plaintiff averred, ''but he says, that in either event, if the said grass seed had been delivered to the defendant under said contract, said grass seed would have been turned over by the defendant to said combination of persons, under and pursuant to said unlawful agreement or combination, and its illegal purpose would have been thereby aided, promoted and advanced and he says, that such was the purpose of the defendant when he entered into the contract with the plaintiff for the purchase of said seed.'' The plaintiff, further, alleged, that at the time, he paid the $5,000.00 and executed the notes, he had no knowledge of the unlawful combination, nor of the intention of defendant, as alleged, or otherwise, he would not have paid the money, nor have executed the notes, but, that he did same in ignorance of, and under a mistake as to the facts.

The plaintiff then prayed for the recovery of the amount of the note.

The petition and amendments in the second action sought the recovery of the $5,000.00 paid to defendant in settlement of the contract, in June, 1911, and the allegations upon which the cause of action is based, are substantially the same, as those above stated, as being the averments of the petition and its amendments, in the first action except in the petition and its amendments in the last mentioned action, it is averred by the plaintiff, that when he ascertained, that he could not comply with the contract, he notified the defendant and then in settlement of the damages paid the $5,000.00 in money, and executed the note.

It will be observed, that the appellant relies, for his cause of action, upon two different statements of facts under and because of which he paid, to the appellee, the money and executed the note, in settlement of the breach of his contract, which he now seeks to recover. These statements of facts, which he alleges in the alternative, differ radically, as we view them, in their legal effects, when considered with the other facts alleged. He alleges, that the state of case presented by one of the statements of facts is true, but he does not know, which state of case is true. If one of the alternative statements of alleged facts presents a state of case, in which there was no illegality, either, in the contract or in the settlement made of the contract, and nothing therein contrary to law or public policy, it is very clear, that the petitions as amended do not set forth a cause of action, in favor of appellant, since no one could know, from the pleading, which alternative statement of facts alleged, were the facts of the transaction, as it might as well be considered, that the transaction took place according to the state of facts, under which there was no illegality, either in the contract, or settlement of it, and under which the appellee was entitled to receive the money and note, as that the contract and settlement were made under the other alleged state of case, and applying the ancient and well established rule, that the pleading must be construed most strongly against the pleader, it would have to be assumed, that the state of facts alleged, which gives the pleader no cause of complaint, was the true state of case, rather than the other, and the one, which the pleader intended to set forth. There is no state of case, where one

complained of, can be required to answer, otherwise than by a demurrer, the complaint of another, when the facts alleged by the complaining party having been conceded, he, yet, has no right to relief. The consequences otherwise, would be, that the decision of every case would have to be deferred to a hearing upon the evidence, and courts would never know until such time, whether or not there was any basis for the prosecution or defense of an action, and the courts could not know, what they were called upon to decide, nor would the party, sued, have any notice of what he was called upon to defend, or what defense it was necessary for him to make. Section 113, subsection 4, Civil Code, permits an alternative statement of facts, where the pleader does not know, which fact or set of facts are true, but knows, that one or the other is true, but, to make a good cause of action, each of the alternative statements must present a case, which entitles the pleader to relief. Linck's Admr. v. L. & N. R. R. Co., 107 Ky. 370; L. & N. R. R. Co. v. Coppage, 7 K. L. R. 527; City of Louisville v. Muldoons, 94 Ky. 426; Hoffman v. City of Maysville, 123 Ky. 710.

The appellant seeks to recover of the appellee upon the ground, that he was under no legal nor moral obligation to pay the money, as damages for the breach of the contract, and that it was paid without legal consideration, and in good conscience, the appellee ought not to retain it, in that, the appellee was a member of an illegal combination in restraint of trade, created for the purpose of suppressing competition in the trade of buying and selling blue grass, seed, and fixing the price of same, and for that reason, had no legal nor moral right to receive the money or to retain it, and that when appellant paid the money and executed the note, he did it in ignorance of the fact, that appellee was a member of the illegal combination, and intended to place the seed, which was to be delivered under the contract, if it had been performed, into, or for the benefit of the combination, and in furtherance of its purposes, and that he would not have paid the money, nor executed the note, if he had known the circumstances. It will be observed, however, that these actions are not defenses to the enforcement of a contract, illegal, because in restraint of trade, nor is any contract sought to be enforced, but, they are actions to recover money paid under an executed contract. Whether a party can have relief from the results of a contract, made in restraint of trade, after it has been

fully executed, it is not necessary to decide, but, if the appellant was legally bound for the damages for the breach of the contract, it is perfectly safe ground, to hold, that he can not recover back the damages, after having confessed the breach of the contract and paid the money and executed the note, as a settlement of the damages.

Taking one of the alternatives alleged, the petition as amended, avers, that previous to the time of the creation of the illegal combination by appellee, Hutchcraft, and others, the appellant and appellee entered into a contract, under which appellant sold and agreed to deliver the blue grass seed to appellee, on the first day of August, but a month before the date fixed for the performance of the contract, the appellee, chose not to perform the contract, as agreed upon, and confessed the breach long before he was, by its terms, required to perform it, and agreed with appellee as to the amount of damages, and paid same, a part in money and the remainder, by the execution of his note. It will be observed, that this contract is not such a one as is declared by section 3918, Ky. Stats., to be void. The contracts, which are by that statute declared to be void, are contracts between persons and corporations and associations by which, pools, trusts, agreements, confederations and understandings are created for the purpose of regulating, controlling or fixing the prices of property, or fixing or limiting the amount of any commodity, to be bought, sold or produced. Section 3918, *supra*, in addition to declaring such contracts to be void, provides, that the existence of such an illegal agreement shall be a defense by the purchasers for the price of any property or article from any individual, firm, company, or corporation, transacting business contrary to the provisions of chapter 101, Ky. Stats. The common law, applying to contracts in restraint of trade, is however, in force in this state. Gay v. Brent, 166 Ky. 834. The contract between appellant and appellee, not being one of those to which the statutes above named apply, it is controlled by the principles of the common law. There can be no doubt, that in this state, a contract made with an illegal combination or association of persons, in restraint of trade, will not be enforced, when the enforcement would be in furtherance of the illegal purposes of the combination. Brent v. Gay, 149 Ky. 615; Arctic Ice Co. v. Franklin Electric & Ice Co., 145 Ky. 32; Clemmons v.

Meadows, 123 Ky. 179; Anderson v. Jett, 89 Ky. 375; Merchant's Ice & Cold Storage Co. v. Rohrman, 138 Ky. 530. It may, also, be conceded, that at both common law and by statutes, when in order to recover in an action, it is necessary to rely upon and prove the illegal contract to create a monopoly or combination in restraint of trade, that no recovery can be had. Continental Wall Paper Co. v. Voight & Sons, 148 Fed. 939; Gray v. Oxnard Bros., 59 Hun. 387; American Handle Co. v. Standard Handle Co., 59 S. W. 709. The contract between appellant and appellee, was, however, not a contract for the creation of any monopoly or combination for the restraint of trade. It was made prior to the creation of the illegal combination complained of. It was such a contract as any two citizens might lawfully enter into, based upon a sufficient consideration, and could be enforced at the suit of either. The contract neither related to nor was in furtherance of the purposes of the illegal combination, nor did it grow out of the illegal agreement for the creation of the combination, nor, did its enforcement rest upon any assertion of the alleged monopoly or combination. If appellant had been sued upon it, it would not have been necessary to either allege or prove the illegal contract of the combination, in order to a recovery. It is not alleged, that when the appellant confessed the breach and settled the damages, that appellee acted for the illegal combination, or that he had ever agreed with the combination, to transfer the contract, or its benefits to the combination, or that the combination, on account of any contract or understanding with appellee, had any interest in the contract between appellant and appellee. It is alleged, that appellee made the settlement and took the money and note for himself, which precludes the idea, that the combination had, or received any interest in the contract. Hence, it must be concluded, that the contract, between appellant and appellee, was a matter entirely independent of and not connected with the contract by which the combination was created and operated. It is true, that it is alleged, that appellee intended, if the contract had been performed, by appellant, to place the seed to be delivered into the control of the combination, or to use same in furtherance of its purposes. This allegation amounts to saying, that the intention was never carried out. Surely, the mere intention of a party to a legal contract, formed after the making of the contract, not accompanied by any obligation to

do so, to appropriate the property to be received under the contract, when it should be performed, to an illegal purpose, would not make invalid the contract, when the intention was abandoned before the performance of the contract, and never put into execution. It is true, that it is alleged, that appellant made the contract with appellee, as a part of the scheme of the illegal combination and in furtherance of its purposes, but, this avement can only relate to the facts, which were alleged to have existed, in the alternative statement, that the illegal combination was formed after the making of the contract between appellant and appellee, as it could not relate to the statement wherein it was alleged that the contract was made before the combination was created. At common law, an illegal combination or trust is not prohibited from maintaining actions, upon contracts, which are collateral to and independent of the illegal contract by which the trust or monopoly was created and which are not in furtherance of the purposes of the combination. Connoly v. Union Sewer Pipe Co., 184 U. S. 514; National Distilling Co. v. Cream City Importing Co., 86 Wis. 352; Hadley Dean Glass Plate Co. v. Highland Glass Co., 74 C. C. A. 462; Wiley v. National Wall Paper Co., 70 Ill. App. 543; Brent v. Gay, *supra*. Hence, a member of an illegal combination is not precluded from a right of recovery upon a contract, which is independent of the contract by which the illegal combination is formed, and is not in furtherance of its purposes.

As to what conclusion would be reached, if the alternative statement, that the contract between appellant and appellee was entered into after the creation of the illegal combination, and in furtherance of the unlawful scheme of the combination was the state of facts, is not necessary to be decided, after the conclusion reached as to the right of the parties, if the other alternative statement of facts, is the true one. The judgments are therefore affirmed, in each of the actions.