## Hartzell v. Bank of Murray, et al.

(Decided November 17, 1925.)

Appeal from Calloway Circuit Court.

1. Judgment—Pleading—Pleading in Alternative Against One Party or Another Held Not Good Against Either, and Insufficient to Sustain Judgment.—Cross-petition alleging that defendant turned over notes to bank for collection to cover note sued for, and balance to be returned to defendant, receipt for which was signed by cashier, and that either bank or cashier collected notes, but that defendant has no means of knowing which, is insufficient to sustain a judgment against either bank or executors of cashier, under rule that a cause of action against one party or another is not good against either.

2. Principal and Agent—Cashier of Bank to be Liable for Notes Turned Over to Him for Collection Must be Shown to have Been Negligent.—In order to make cashier of bank liable for notes turned over to him for collection, where nothing was collected, there must be proof of negligence of cashier.

E. P. PHILLIPS for appellant.

COLEMAN & LANCASTER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On November 8, 1913, Lucy B. Hartzell executed her note to the Bank of Murray for $516.82, payable February 11, 1914. The bank brought this suit against her on the note. By her answer she pleaded that in the year 1909 she borrowed from the Bank of Murray the sum of $375.00, and on July 28, 1910, she turned over to the bank two notes, one for $375.00 and one for $150.00, under an express contract with the bank that it would collect the notes and apply a sufficiency of the proceeds to pay her note and pay her the remainder; that on July

28, 1910, when she gave the two notes to S. H. Dees, the cashier and chief officer of the bank, he executed and delivered to her, as such officer, the following receipt:

"I this day received of Mrs. L. B. Hartzell two notes, one for $375.00, given by one J. H. Miller, of Oklahoma City, the other for $150.00, given by one A. D. Berry, also of Oklahoma City, same to be applied on said Mrs. Hartzell's bank note."

She alleged that she understood that the bank was taking these collections, though the receipt was signed by S. H. Dees; that on November 8, 1913, she signed the note sued on under protest and with the express agreement that she was to have all the benefits of the notes above referred to in a final settlement of the matter; that these notes had been collected and that she should have credit for their amount; but she had no means of knowing and did not know whether the bank collected the notes or whether S. H. Dees collected them. He died in April, 1923, and she made her answer a cross-petition against his executors; she prayed that she have an accounting for $525.00 worth of notes, either from the Bank of Murray or from the estate of Dees, and that the plaintiff's petition be dismissed. The executors were served with process and filed an answer denying the allegations of the cross-petition. The bank filed a reply denying the allegations of the answer. The case came on for trial before a jury and at the conclusion of the evidence for the defendant the court peremptorily instructed the jury to find for the plaintiff. Judgment was entered in favor of the bank on its note for the amount due. The cross-petition against the executors of S. H. Dees was dismissed. She appeals.

It will be observed that in the answer it is charged that either the bank collected the notes or that Dees collected them and that the defendant does not know and has no means of knowing which of them collected the notes. This allegation was insufficient to sustain a judgment against either the bank or the executors. The rule is well settled that a pleading which states a cause of action in the alternative against one person or another is not good against either. Scobee v. Brent, 185 Ky. 738; Louisville Gas Co. v. Nall, 178 Ky. 33. The petition not only stated no cause of action against the executors of Dees but the proof was equally insufficient. The peremptory instruction as to them was proper.

The evidence for the plaintiff showed that Dees executed the receipt to her in the bank and that she gave him the notes. He was behind the window and she in front. The business was transacted in the ordinary way of the bank's business by Dees as its cashier. This proof is made by the assistant cashier. But there was no proof at all that the bank had collected the notes or that the notes were of any value or that anything could have been collected on them by diligence. In order to make an agent responsible for failure to collect, where he has in fact collected nothing, there must be proof of negligence, that is, some proof from which negligence may be inferred. 31 Cyc., p. 1464.

"But the agent is not an insurer; he is bound merely to the exercise of reasonable care, skill and judgment.

"In the absence of anything to the contrary, he will be presumed to have done his duty; in other words, negligence or misconduct will not be presumed in the absence of proof." 21 R. C. L., p. 825.

Judgment affirmed.