## Elkins v. Barclay.

(Decided March 22, 1932.)

GARDNER & McDONALD, M. C. ANDERSON and F. B. MARTIN for appellant.

ROY M. SHELBOURNE and BEN S. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal presents for determination the right of L. H. Barclay to an injunction against F. M. Elkins,

enjoining him from engaging in the business of undertaker and embalmer in Carlisle county so long as Barclay engaged in the same business in that county. On the 25th day of September, 1925, Elkins was engaged at Bardwell, Carlisle county, Ky., in the business of undertaker and embalmer. Barclay was engaged in the same business as a member of the firm of Bardwell Furniture & Undertaking Company, in Carlisle county. Elkins sold to Barclay the equipment and supplies used by him in the business at Bardwell, and it was stipulated in the agreement, which was reduced to writing, that, in consideration of the benefits received under the contract, Elkins would not directly or indirectly, himself, or in the employment of another, engage in the business of undertaker and embalmer in Carlisle county so long as Barclay engaged therein in Carlisle county. The equipment and supplies purchased by Barclay of Elkins were turned over by Barclay to the firm of the Bardwell Furniture & Undertaking Company at the price at which he purchased them. Thereafter Barclay continued in the business in Carlisle county in connection with the Bardwell Furniture & Undertaking Company, with J. E. Martin, manager.

In September, 1926, Elkins ventured into the business at Barlow, outside of Carlisle county, about fifteen miles from Bardwell. Thereafter certain residents of Carlisle county, by telephone, purchased from Elkins caskets to be used, and which were used, for burial purposes in Carlisle county. Elkins delivered them, and performed in Carlisle county the necessary and required services incident to, and commonly necessary in, the burial of the remains of deceased persons, furnished the hearse with which the bodies were carried to the cemetery, superintended the burial, and signed the death certificates as the undertaker in charge.

Barclay instituted this action in the Carlisle circuit court to recover damage of Elkins for so violating his contract. He also sought an injunction to prevent a future violation of the contract by Elkins.

On a trial before a jury, a verdict was returned for Barclay, fixing his damage at 1 cent. The action was then transferred to equity, and by agreement it was submitted to the court on the evidence heard by the jury to determine the right of Barclay to an injunction. The court decreed an injunction against Elkins, enjoining

him from "engaging for himself or in the employment of another, directly or indirectly, in the business of undertaker or embalmer in Carlisle county, Kentucky, so long as L. H. Barclay is engaged in the business in Carlisle county." Elkins appeals.

It is his contention that the action was not prosecuted in the name of the real party in interest; that the contract was in restraint of trade, and therefore void; that there was no evidence showing Elkins had engaged in the business in Carlisle county subsequent to the making of the contract. A demurrer was sustained to paragraph 3 of his answer and of this he complains. The evidence sustains the finding of facts by the chancellor.

The first and last contentions of the appellant are so interrelated that. a consideration and disposition of the one disposes of the other. The relationship and interest of the appellant and the appellee in the subject matter of the contract is fixed by the contract itself. They are recognized therein as the sole parties thereto and interested in it and its subject matter. No language is found in it indicating that the parties to it at the time of its making regarded Barclay as the agent, or as a member of the firm of the Bardwell Furniture & Undertaking Company, or that the contract was for its use or benefit. Federal Chemical Co. v. Pioneer Coal & Coke Co., 197 Ky. 110, 246 S. W. 127.

Although the contract indirectly inured to the benefit of the Bardwell Furniture & Undertaking Company, such fact did not make it either a necessary or proper party, nor constitute a defense, such as to defeat Barclay's cause of action based on the contract as against Elkins for his breach of it. The acts of Barclay concerning himself and his firm after the contract was entered into and executed by the parties to it, may not be relied on by Elkins as an excuse for a violation of his own contract. Although the contract inured indirectly to the benefit of the Bardwell Furniture & Undertaking Company, it did not by reason thereof create in it a cause of action, nor did the members of the firm other than Barclay thereby become real parties in interest, within the meaning of sections 18 and 22, Civil Code of Practice.

It is not alleged in the appellant's pleading that the contract was made for the use .and benefit of the firm; nor is it alleged that Barclay was acting as agent for

the firm at the time of the making of the contract; nor is there any evidence showing either, other than the mere fact that Barclay was at the time a member of the firm.

The insistence that the contract was in restraint of trade and a violation of sound public policy, and therefore void, cannot be sustained. The common law applying to contracts in restraint of trade is in force in this state. Scobee v. Brent, 185 Ky. 734, 216 S. W. 76. If such a contract is ancillary to the sale of a business, founded on a good consideration, it should be regarded as valid and enforceable (Hill v. Gudgell, 9 Ky. Law Rep. 436); provided the restraint of trade was reasonable and not so extensive as to affect public interest. Keen v. Ross, 186 Ky. 256, 216 S. W. 605; Breeding v. Tandy, 148 Ky. 345, 146 S. W. 742; Torian v. Fuqua, 175 Ky. 428, 194 S. W. 359, L. R. A. 1917F, 251; Louisville Board of Fire Underwriters v. Johnson, 133 Ky. 797, 119 S. W. 153, 24 L. R. A. (N. S.) 153; Clemons v. Meadows, 123 Ky. 181, 94 S. W. 13, 14, 29 Ky. Law Rep. 619, 6 L. R. A. (N. S.) 847, 124 Am. St. Rep. 339.

As was said by this court in Clemons v. Meadows, supra:

"Such contracts are intended to secure to the purchaser the good will of the trade or business, and as a guaranty the vendor agrees not to engage in like business or trade at that place for a specified time. In these cases the restraint to be valid must not be more extensive than is reasonably necessary for the protection of the vendee, in the enjoyment of the business which he has purchased, in this class of cases the court recognizes that the vendor has received an equivalent for his agreement to partially abstain from business at the place where his business was formerly conducted. In such cases the agreement does not contemplate that the business or trade purchased shall be discontinued and thus perhaps throw out of employment those whose services were necessary to carry on the business, but on the contrary, it is contemplated that the business will be carried on and that the public will continue to receive benefits which may accrue from the conduct of the business. It results that the agreement does not have the effect of depriving the public of

any benefits which it has enjoyed from the conduct of the business, or pursuit of the trade which has been transferred to another. Such contracts do not have the effect of destroying the competition which existed by reason of which the public enjoyed benefits."

The appellant insists that the contract was between two licensed undertakers and embalmers, and that the sole object of it was to restrain competition between such licensees, and it is therefore against public interest and void. There is no merit in such claim. Even though the law required the parties to the contract to procure a license before engaging in the business covered by it, this fact does not render it invalid on the ground that it was against public policy. The contract was not injurious to the public, nor does it contravene an established interest of society or violate a statute. It was not against good morals, nor tend to interfere with the public safety or welfare. Owens v. Henderson Brewing Co. 185 Ky. 477, 215 S. W. 90.

Such contract was not an unreasonable restraint of trade simply because the appellant and the appellee were at the time licensed undertakers and embalmers. Grundy v. Edwards, 7 J. J. Mar. 368. The contract only protected the appellee so long as he engaged in business, and it limited the protection to one county. Linneman & Moore v. Allison & Yates, 142 Ky. 309, 134 S. W. 134; Boone v. Burnham & Dallas, 179 Ky. 91, 200 S. W. 315; Thomas W. Briggs Co. v. Mason, 217 Ky. 269, 289 S. W. 295; Hill v. Gudgell, supra; Davis v. Brown, 98 Ky. 475, 32 S. W. 614, 36 S. W. 534, 17 Ky. Law Rep. 1428; E. T. Gunther Grocery Co. v. Koll, 153 Ky. 446, 155 S. W. 1145.

The business which the appellant contracted not again to engage in in the county so long as the appellee engaged therein in the county was a quasi public business, but this fact does not authorize the appellant to interpose it to relieve him of his contract. Nickell v. Johnson, 162 Ky. 520, 172 S. W. 938; Clemons v. Meadows, 123 Ky. 178, 94 S. W. 13, 29 Ky. Law Rep. 619, 6 L. R. A. (N. S.) 847, 124 Am. St. Rep. 339; Hill v. Gudgell, 9 Ky. Law Rep. 436; Torian v. Fuqua, 175 Ky. 428, 194 S. W. 359, L. R. A. 1917F, 251. In the case of Torian v. Fuqua, an undertaker sold his business and agreed not

again to engage in the business; the principles we have herein stated were therein recognized by this court, although the case was reversed on another ground.

The judgment is affirmed.